[No. 8920-7-III. Division Three. March 2, 1989.]

LOCAL UNION 1433, INTERNATIONAL ASSOCIATION OF FIRE-FIGHTERS, AFL–CIO, *Respondent,* v. THE CITY OF PASCO, *Appellant.*

*Greg A. Rubstello, City Attorney,* for appellant.

*David Williams* and *Critchlow & Williams,* for respondent.

THOMPSON, C.J.—The City of Pasco appeals a summary judgment in favor of Local Union 1433, International Association of Firefighters, AFL–CIO, directing the City to comply with an arbitration award. We affirm.

The Union represents fire fighters employed by the City. In 1984, the City promoted its battalion chief/fire marshal to the position of assistant fire chief, leaving the fire marshal position vacant. The fire marshal position is within the Union's bargaining unit, but the assistant chief position is not. The new assistant chief continued to perform his former fire marshal duties.

A dispute arose over the duties of the fire marshal, and in 1986, the parties referred the question to binding arbitration as provided by their collective bargaining agreement. The arbitrator framed the issues before him as follows:

1. Did the City violate Article I [of the collective bargaining agreement] by assigning bargaining unit work to the Assistant Chief?
2. Did the City violate Article XIX [of the collective bargaining agreement] by failing to fill the fire marshall/battalion chief position?
3. If so, what is the appropriate remedy?

The arbitrator's award, dated May 21, 1987, concluded:

1. The City violated Article I by assigning bargaining unit work to the Assistant Chief.
2. The City did not violate Article XIX by failing to fill the fire marshall/battalion chief position.

3. The appropriate remedy is as follows. The City is hereby ordered to cease assigning fire marshall/battalion chief work to non–unit personnel. And, when it decides to fill the position, it must do so according to Civil Service Rules and Regulations as required by Article XIX.

Despite the specific language in the arbitration award, the assistant fire chief continued to perform fire marshal duties. In June 1987, the City offered to negotiate with the Union over its proposal to eliminate the fire marshal position and transfer the duties outside the bargaining unit to the building inspection division. The Union apparently entered into these negotiations, but initiated this action to enforce the arbitrator's award on July 31, 1987. On August 19, 1987, the City declared the negotiations at impasse and transferred the fire marshal duties to the building inspection division.

The Superior Court granted the Union's motion for summary judgment, and ordered the City to comply with the arbitration award in all respects.

The sole issue is whether the City violated the arbitration award by transferring the fire marshal's duties outside the bargaining unit. The City's primary contention is that the language in the arbitration award must be narrowly construed to apply only to the precise circumstances raised in the grievance: transfer of the fire marshal duties to the assistant chief position.

 Binding arbitration is the final step in what has been termed a "system of industrial self–government". *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 581, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960).[1]

Arbitration is the means of solving the unforeseeable by molding a system of private law for all the problems which may arise and to provide for their solution in a way which will generally accord with the variant needs

---

[1]Decisions construing the National Labor Relations Act, 29 U.S.C. §§ 151–169, are persuasive in construing state labor statutes. *Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd.,* 107 Wn.2d 427, 432, 730 P.2d 653 (1986).

and desires of the parties. The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement.

. . . The grievance procedure is, in other words, a part of the continuous collective bargaining process.

*United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. at 581. The judiciary plays only a limited role in this private dispute resolution system.

The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *Steelworkers* v. *Enterprise Wheel & Car Corp.,* 363 U. S. 593, 596, [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424] (1960). As long as the arbitrator's award "draws its essence from the collective bargaining agreement," and is not merely "his own brand of industrial justice," the award is legitimate. *Id.,* at 597, 80 S.Ct., at 1361.

*United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36, 98 L. Ed. 2d 286, 108 S. Ct. 364, 370 (1987). Consistent with this policy, Washington decisions allow arbitrators wide latitude in fashioning awards. *Endicott Educ. Ass'n v. Endicott Sch. Dist. 308,* 43 Wn. App. 392, 394–95, 717 P.2d 763 (1986); *see North Beach Educ. Ass'n v. North Beach Sch. Dist. 64,* 31 Wn. App. 77, 85–86, 639 P.2d 821 (1982).

In light of these general principles, the City's insistence on a narrow interpretation of the arbitration award is incorrect. The award expressly bars transfer of fire marshal duties to nonunit personnel: "The City is hereby ordered to cease assigning fire marshall/battalion chief work to non–unit personnel." Building inspectors are nonunit personnel. The City violated the award in making the transfer.

The City contends, however, the arbitrator exceeded his contractual authority. It argues that, under the collective

bargaining agreement, "[t]he Arbitrator shall have no power to destroy, change, delete from, add to or alter the terms of this Agreement". However, the City is incorrect in its argument that the arbitrator found the collective bargaining agreement "silent on the issue". The arbitrator found the transfer of work outside the bargaining unit was a violation of the agreement's recognition clause, Article 1. The award was based on the parties' agreement, and was not the arbitrator's "own brand of industrial justice". *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960). The arbitrator's award did not add a term to the agreement. It merely interpreted an existing term.

The City also argues the arbitration order was unnecessarily broad, and should not have reached the expanded issue of whether the agreement barred *all* transfers of fire marshal duties outside the bargaining unit. However, the arbitrator first needed to decide the broad issue in order to resolve the narrow issue presented. Because the recognition clause barred transfer of fire marshal duties outside the bargaining unit, the arbitrator reasoned, the City violated the clause by allowing the assistant chief to perform fire marshal duties. Having found the contractual basis for resolving the broad issue, however, the arbitrator did not exceed his authority by fashioning a broad remedy. *See Endicott Educ. Ass'n v. Endicott Sch. Dist. 308, supra.*

The arbitration award was valid and binding on the City. It barred the performance of fire marshal duties not just by the assistant chief, but also by any other person outside the bargaining unit. The transfer of the work to the building inspection division was not a new dispute, as the City contends, but simply a slightly different twist on an old one—one that had been resolved by the arbitration award.

The City contends, nevertheless, that it was entitled to implement the transfer after bargaining in good faith

with the Union. It cites *Lone Star Indus., Inc. v. Teamsters, Local 291,* 119 L.R.R.M. 2121 (N.D. Cal. 1985), in which the court held:

> When the contract is silent regarding transfers of work outside the bargaining unit the rule to be applied is clear. Both the Ninth Circuit and the National Labor Relations Board, have held that "unless transfers are specifically prohibited by the bargaining agreement, an employer is free to transfer work out of the bargaining unit if: (1) the employer . . . bargain[s] in good faith to impasse; and (2) the employer is not motivated by anti–union animus." See, Boeing Co. v. NLRB, 581 F.2d 793, 797, 99 LRRM 2847; and Milwaukee Spring II, 268 NLRB No. 87 at 11, 115 LRRM 1065 (1984) (adopting the reasoning and rule developed by the Seventh Circuit in University of Chicago v. NLRB, 514 F.2d 942, 89 LRRM 2113 (7th Cir. 1975)).

*Lone Star,* 119 L.R.R.M. at 2122–23. This rule is inapplicable here. The arbitrator in *Lone Star* specifically found the collective bargaining agreement was silent on the transfer issue. *Lone Star,* 119 L.R.R.M. at 2122. In this case, the arbitrator concluded the collective bargaining agreement barred the transfer. The City has cited no authority that permits unilateral modification of a provision in a collective bargaining agreement. *See NLRB v. Jacobs Mfg. Co.,* 196 F.2d 680, 683–84 (2d Cir. 1952) (the duty to bargain in good faith "shall not be construed as requiring either party to discuss or agree to any modification of the terms and conditions contained in a contract for a fixed period"). Allowing midterm modification of a contractual provision "would undermine the federal labor policy that parties to a collective–bargaining agreement must have reasonable assurance that their contract will be honored". *W.R. Grace & Co. v. Local 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers,* 461 U.S. 757, 771, 76 L. Ed. 2d 298, 103 S. Ct. 2177 (1983).

Here, the parties' agreement, as interpreted by the arbitrator, barred transfer of the fire marshal duties outside the

bargaining unit. The City violated the agreement by transferring the work to the building inspection division. The impasse reached after negotiation on the proposal is irrelevant.

The City argues that, while RCW 41.56.030(4) requires the parties to "negotiate in good faith, and to execute a written agreement . . . ", it does not prohibit a party from modifying an agreement, as does the parallel section 8(d) of the National Labor Relations Act, 29 U.S.C. § 158(d). The Public Employment Relations Commission has interpreted the Washington statute as denying it the authority to find a midterm modification a per se unfair labor practice. *General Teamsters, Local 378 v. Olympia Sch. Dist. 111,* Pub. Empl. Relations Comm'n Dec. 1366 PECB (1982).

The City's reliance on the *Olympia Sch. Dist.* rationale is misplaced. The decision applies only to potential sanctions for unfair labor practices, and expressly leaves to the parties their contractual remedies.

> [T]he Washington legislature's omission of the §8(d) proviso . . . effectively relegates alleged violations or modifications of collective bargaining agreements to the parties' agreed upon dispute resolution procedures or to the courts.
>
> In the case at hand, the parties' collective bargaining agreement provides for arbitration of disputes involving the interpretation or application of the agreement. . . . [A] remedy could have been obtained through the contract's arbitration provisions.

*Olympia Sch. Dist.,* 1366 PECB, at 7–8. Here, the issue is not whether the City committed an unfair labor practice, but whether it violated the terms of the collective bargaining agreement, as interpreted by the arbitrator's award. The Superior Court committed no error in concluding it did.

Affirmed.

GREEN and MUNSON, JJ., concur.

Review denied at 112 Wn.2d 1026 (1989).