[Civ. No. 26181.   Second Dist., Div. Four.   Apr. 16, 1962.]

THRIFTIMART, INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RETAIL CLERKS UNION, LOCAL 770, Real Party in Interest.

McLaughlin & McLaughlin and James A. McLaughlin, Jr., for Petitioner.

No appearance for Respondent.

Arnold, Smith & Schwartz, George L. Arnold, Kenneth M. Schwartz and Laurence D. Steinsapir for Real Party in Interest.

THE COURT.—This is a petition by Thriftimart, Inc., for writ of mandate to compel dismissal of a pending action, or in the alternative, a writ of prohibition to stay further proceedings therein pending an appeal.

Pursuant to a submission to arbitration of Thriftimart, Inc., (hereinafter referred to as Thriftimart) and Retail Clerks Union, Local 770 (hereinafter referred to as Union), the arbitrator, on August 7, 1961, determined the following question in the affirmative: "Does the Collective Bargaining Agreement between the Employer and the Union, by its terms, apply to and cover employees of Customers Finance Co., dba MORE, employed in the appropriate classifications covered by the said contract and within the territorial area of the Union, because of its acquisition by Thriftimart?"

On October 2, 1961, the superior court, in a proceeding entitled "In the Matter of Arbitration between Thriftimart, Inc., and Retail Clerks Union, Local 770, AFL-CIO" (case No. 778076), entered judgment upon the granting of an order confirming the award of the arbitrator.

On November 16, 1961, a complaint for specific performance and damages against Thriftimart was filed by Joseph T. DeSilva, individually and in a representative capacity for the Union (case No. 784008). The complaint alleges the court confirmation of the arbitration award. It then alleges that Thriftimart "has failed and refused to perform the terms and conditions of said agreement, on its part to be performed, and has failed and refused to apply the said agreement to the employees of Customers Finance, Inc., d.b.a. More. . . ." It is alleged in a second cause of action, as a basis for damages by reason of the violation of the agreement by Thriftimart as

above set forth, that certain employees are being deprived of wages and other compensation in accordance with the terms of the agreement.

Thriftimart, in its answer, pleaded that the judgment in the arbitration matter is not final in that an appeal therefrom has been taken to the Supreme Court by it and by Customers Finance Co., intervener in the proceeding. Petitioner claims that the specific performance action is premature and, if not dismissed, should be abated pending the determination of the appeal. Union, however, asserts that this is not an action upon the judgment and that, because the arbitration award was a declaration of existing contract rights only, and in seeking confirmation of the award the Union did not ask for specific performance, its present action is an entirely different cause of action.

Although Union, in opposition to the within motion, speaks alternately of enforcement of ''the collective bargaining agreement'' and of ''the arbitration award,'' it was stated upon oral argument that what the Union seeks is specific enforcement of the collective bargaining agreement ''as interpreted by the arbitrator.''

It is obvious that the second action is predicated upon the award and seeks to enforce the collective bargaining agreement against the employees of Customers Finance Co. The duty, if any, of Thriftimart to apply the terms of its collective bargaining agreement to the employees of Customers Finance Co. depends upon a valid award. The Union has sought court confirmation of that award pursuant to the statutory provisions. ■■■ Until the validity of the award has been determined by the court, it may not be enforced. ■■■ ''Under the pertinent provisions of the Code of Civil Procedure an award becomes enforceable only if it is confirmed by the superior court (§ 1287). ■■■ Upon such confirmation it is made enforceable by the entry of a judgment (§ 1291), which 'has the same force and effect, in all respects, as, and is subject to all provisions of law relating to, a judgment in an action; and . . . may be enforced, as if it has been rendered in an action in the court in which it is entered.' (§ 1292).'' (*Consolidated etc. Corp.* v. *United A. etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725].)

■■■ The order confirming the arbitrator's award is an appealable order (Code Civ. Proc., § 1294),[1] and there is an

. [1]All code references are to the Code of Civil Procedure unless otherwise designated.

automatic stay of proceedings in case Number 778076. (*Los Angeles Local etc. Board* v. *Stan's Drive-Ins, Inc.,* 136 Cal. App.2d 95, 97 [288 P.2d 291].) ■ Since enforcement of the award, pending the appeal, could not be had in the arbitration action, Union cannot accomplish that result by the filing of a new action. Although it appears that the arbitration action does not involve the entire cause of action presented by the complaint in the later litigation, the pleadings in the latter show that it involves the same collective bargaining agreement and presents the issue of its application to employees of Customers Finance Co.—the specific subject of the controversy undetermined in the arbitration matter. ■ ''Where the rights of the parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed.'' (*Simmons* v. *Superior Court,* 96 Cal.App.2d 119, 130 [214 P.2d 844, 19 A.L.R.2d 288].)

The Union makes the argument that the within award. cannot be vacated, thus it will make no difference whether the judgment confirming the award is affirmed or reversed upon appeal and it can have no force or effect upon the specific performance action. It is stated that if the judgment is affirmed, specific performance will lie; if the final judgment is against Union, it will simply result in the award ''not being confirmed'' because there has been no motion to vacate and the award will remain as a contract between the parties, enforceable as such. Reliance is placed upon Code of Civil Procedure, section 1287.6, which provides: ''An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration.''

The above argument is based upon the contention that an objection to the granting of a motion to confirm the award is not the equivalent of a motion to vacate, and that the time to move to vacate the award has lapsed. It is claimed that this position is borne out by the 1961 amendments to the statutes which now provide that '' [a] petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner,'' whereas, '' [a] petition to vacate an award or to correct an award shall be served and filed not later than 100 days'' after said date. (§ 1288.) ■ However, a request to vacate or correct an award may be made by petition (§ 1288) or by a response (§ 1288.2). No contention is or

can be made that Thriftimart's objections to the granting of the application were not made within the 100-day period. The award was confirmed by the court within 60 days after the making thereof. ▆ Adequate objections, timely raised in a response, may be considered by the court as a basis for vacation or correction of an award. ▆ As to the manner of raising these objections, it is pertinently stated in *Pleaters & Stitchers Assn.* v. *Davis,* 140 Cal.App. 403, 405 [35 P.2d 401] : "Upon consideration of the method of procedure outlined by the sections of the code referred to, it would seem to be mandatory upon the trial judge to confirm an award, unless he vacates, modifies or corrects it. ▆ However, the adverse party has a right to object to the granting of the application, when the objections attack the validity of the arbitration proceedings, and even though these objections are denominated 'demurrer' or 'answer' they constitute the adverse party's statement of objections to the application and the court would have jurisdiction to entertain and pass upon them." (Cf. *Glesby* v. *Balfour, Guthrie & Co., Ltd.,* 63 Cal. App.2d 414, 417 [147 P.2d 60] ; *Robinson* v. *Superior Court,* 35 Cal.2d 379, 382 [218 P.2d 10].)

The record in the arbitration action is not before us and we do not know what objections to the application for confirmation were before the trial court. Likewise, we do not know the grounds for the appeal from the judgment confirming the award, and do not attempt to anticipate what ruling will be made upon appeal. ▆ Dependent upon the showing made as revealed in the record upon the appeal, the judgment may be affirmed; or it may be reversed with directions for further proceedings which may have the effect of vacating the award. (Cf. *Black* v. *Cutter Laboratories,* 43 Cal.2d 788, 809 [278 P.2d 905] ; *Loving & Evans* v. *Blick,* 33 Cal.2d 603, 611, 615 [204 P.2d 23] ; *Franklin* v. *Nat C. Goldstone Agency,* 33 Cal.2d 628, 633 [204 P.2d 37].)

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ. Proc., § 1049.) ▆ Thus, regardless of what the decision may be upon appeal, the arbitration matter is still pending until final determination upon appeal, and the action for specific performance or breach of the collective bargaining agreement "as interpreted by the arbitrator" must be stayed.

We are convinced that the respondent court abused its

discretion in not staying further proceedings in case Number 784008. ■ "Mandate lies to control judicial discretion when that discretion has been abused." (*Simmons* v. *Superior Court, supra,* 96 Cal.App.2d 119, 132.)

Let a peremptory writ of mandate issue commanding respondent court to stay all further proceedings in that certain action entitled "Joseph T. DeSilva, individually, and in a representative capacity, for and on behalf of Retail Clerks Union, Local 770, an unincorporated Association, its officers and members, Plaintiff, versus Thriftimart, Inc., a California corporation, Defendant," bearing Number 784008, until the final determination of that certain action pending on appeal in the District Court of Appeal of the State of California, Second Appellate District, bearing "2nd Civil Number 26125," and entitled "In the Matter of Arbitration between Thriftimart, Inc., and Retail Clerks Union, Local 770, AFL-CIO," being Number 778076.

The petition of the real party in interest for a hearing by the Supreme Court was denied June 13, 1962.