ENDICOTT EDUCATION ASSOCIATION, *Appellant,* v.
ENDICOTT SCHOOL DISTRICT NO. 308,
*Respondent.*

*Jerry L. Painter* and *Catherine C. O'Toole,* for appellant.

*Charles D. Williams, John D. Terry II,* and *Williams &
Terry,* for respondent.

GREEN, C.J.—Endicott Education Association appeals a
summary judgment denying recovery of an arbitrator's
award of monetary damage against Endicott School District
308 in Whitman County by one of the District's teachers.
The court denied recovery on the ground the monetary
award exceeded the relief requested by the aggrieved
teacher. The propriety of this determination presents the
issue on appeal.

Louise Braun is a teacher in the Endicott School District. Her employment relationship is governed by a collective bargaining agreement between the Endicott Education Association and the District. Article 4, section 3(2) of that agreement provides: "All teachers in School District #308 shall have one (1) preparation period during each school day when possible." In early 1983, Mrs. Braun filed a grievance alleging she had been denied her preparation period. Although a copy of the grievance is not contained in the record, the arbitrator and the court in their decisions indicate the relief sought was "I would like my preparation period back." The District denied the grievance and the matter went to arbitration. The arbitrator in his decision ruled that she was entitled to her preparation period. To make her whole, he also awarded her compensation for the time during which she had been denied the preparation period, stating:

Compensation will be based on the 1982 contractual days and the normal teaching load of six duty periods and one duty free preparation period. Appropriate compensation will be determined by multiplying 1/182 x grievant's 1982–83 salary x 1/7 x the number of lost preparation periods.

Pursuant to this decision, the District restored Mrs. Braun's preparation period but refused to pay her any compensation for the lost periods.

This action was commenced to recover the compensation. The District moved for summary judgment contending the arbitrator exceeded his authority in awarding compensation because the only relief sought was restoration of the preparation period. This motion was granted and resulted in this appeal.

The District contends Mrs. Braun's remedies are limited to the relief requested in her grievance. It supports its argument by reference to the grievance procedure which requires the grievance contain:

a) The facts on which the grievance is based.
b) A reference to the specific section in the parties' col-

lective bargaining agreement allegedly violated.

c) A statement of words actually violated and how, in the grievant's estimation.

d) The remedy sought.

The District relies on *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960), where the Court states:

> The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement.
>
> Apart from matters that the parties specifically exclude, all of the questions on which the parties disagree must therefore come within the scope of the grievance and arbitration provisions of the collective agreement. The grievance procedure is, in other words, a part of the continuous collective bargaining process.

The District does not contend the collective bargaining agreement prohibits monetary damages, but rather the grievance procedure itself limits the remedy to the specific relief requested in the grievance. It concludes by awarding monetary damages the arbitrator exceeded the authority granted him because Mrs. Braun did not specifically request damages in her grievance.

We decline to so limit the arbitrator's authority to remedy a breach. Inherent in the authority to adjudicate the breach is the power to remedy it. *International Union of Operating Eng'rs, Local 450 v. Mid–Valley, Inc.*, 347 F. Supp. 1104 (S.D. Tex. 1972). We agree with the position taken by the Alaska Supreme Court in *Board of Educ. v. Ewig*, 609 P.2d 10 (Alaska 1980). In that case a teacher was involuntarily assigned to teach one section of Spanish and four of math, when she had previously taught five math sections. The arbitrator ordered the teacher be reassigned to five math periods and be paid one–fifth of her per diem salary for every period in which she taught Spanish. The school district appealed on the ground the arbitrator had exceeded his authority by awarding money damages. The Alaska Supreme Court upheld the award reasoning, at

pages 12–13:

There is ample authority for the proposition that arbitrators generally have authority to fashion any remedy necessary to the resolution of the dispute. . . .

. . .

. . . [T]he arbitrator is given wide latitude in fashioning an appropriate remedy.

. . . If an arbitrator does not have the power to fashion remedies, but only to adjudicate the breach, then parties will be forced to go to court to seek complete relief. Such an interpretation runs counter to all of the policies which arbitration serves, and would effectively vitiate most arbitration agreements. We prefer to encourage arbitration as a rapid and inexpensive means of resolving disputes.

Washington law is in accord with the reasoning used by Alaska and the federal courts which allow the arbitrator authority to fashion a remedy. In *Eyre v. Big Bend Comm'ty College,* 36 Wn. App. 154, 672 P.2d 1270 (1983), the court confirmed the arbitrator's authority to reinstate a nontenured faculty member to a fourth year even though a statute prohibited a provisional period longer than 3 years. In *North Beach Educ. Ass'n v. North Beach Sch. Dist. 64,* 31 Wn. App. 77, 85–86, 639 P.2d 821 (1982), the court stated:

The arbitrator must fashion a remedy appropriate with the seriousness of the contractual violation and the circumstances. . . . We . . . decline to limit the remedies available to the arbitrator, but note that his limits are only those of his creativity subject to the bounds of [the law] . . . and the negotiated contract.

(Footnote omitted.) *See also Mobil Oil Corp. v. Independent Oil Workers Union,* 679 F.2d 299 (3d Cir. 1982); *Kurt Orban Co. v. Angeles Metal Sys.,* 573 F.2d 739 (2d Cir. 1978); *Port Wash. Union Free Sch. Dist. v. Port Wash. Teachers Ass'n,* 45 N.Y.2d 411, 380 N.E.2d 280, 408 N.Y.S.2d 453 (1978).

■ The only way to rectify the damage caused Mrs. Braun for the loss of her preparation period is to compensate her by awarding her money damages. We decline to

follow the District's narrow view that since she only asked for her preparation period back, she waived her right to compensation for the prior breaches of the agreement. Grievance language should not be subject to the same strict standards of construction that would be applied in formal court proceedings. *Keystone Printed Specialties Co. v. Scranton Printing Pressmen Union 119,* 386 F. Supp. 416 (M.D. Pa. 1974), *aff'd,* 517 F.2d 1398 (3d Cir. 1975); *Shahmoon Indus., Inc. v. United Steelworkers,* 263 F. Supp. 10 (D.N.J. 1966).* Moreover, it is unrealistic for an employee to know what legal remedies are available at the time the grievance is filed. Here, the grievance made clear the issue to be decided is whether a breach occurred. If the arbitrator found a breach occurred, restoration of the preparation period would automatically follow whether requested or not. Inherent in a finding of a breach of contract is the remedy of damage. We conclude the arbitrator did not exceed his authority in awarding money damages.

Last, the District contends it was denied notice and an opportunity to present evidence on the issue of money damages. It asserts the issue was not raised until the parties submitted posthearing briefs. We find no error. The record of the arbitration hearing is not before this court. Nevertheless, as we have stated the alleged breach was notice to the District that Mrs. Braun was seeking whatever legal relief to which she was entitled. In the context of this grievance, it was evident if a breach occurred that damage would be the inevitable remedy to be fashioned by the arbitrator. Moreover, this record does not show the District ever requested and was denied a continuance to present evidence on the damage issue. Finally, having found a breach, the calculation of damage followed automatically by calculating, as the arbitrator did, the daily salary and multiplying it by the number of preparation periods denied to her. Thus, we find no error.

Reversed.

McINTURFF and THOMPSON, JJ., concur.

[No. 6931–1–III. Division Three. April 10, 1986.]