[No. 28170-4-I.   Division One.   July 13, 1992.]

PATRICK C. MARTIN, *Respondent,* v. HYDRAULIC FISHING SUPPLY, INC., *Appellant.*

*W. Mitchell Cogdill* and *Cogdill & Carter,* for appellant.

*Charles E. Watts* and *Oseran, Hahn, Van Valin & Watts, P.S.,* for respondent.

AGID, J. — Hydraulic Fishing Supply, Inc., appeals from an order denying its motion to vacate the judgment confirming the arbitration award made to respondent, Patrick C. Martin. In October 1985, Hydraulic Fishing Supply, Inc. (HFS) entered into a contract with Patrick C. Martin (Martin) to build an aluminum fishing boat pursuant to Martin's specifications for use in the False Pass gill net fishery in Alaska. The contract specified January 15, 1986, as the date by which construction was to be completed and provided for liquidated damages if sea trials were not completed by specific dates. At the time the contract was entered into, the parties anticipated that Martin would complete substantial portions of the vessel himself after the delivery date. On December 3, 1985, a document was signed reratifying the contract and acknowledging that changes in certain specifications were within the contract.

Construction was not completed by the date specified in the contract. As HFS continued its work on the vessel, Martin worked simultaneously to complete his portions. On May 23, 1986, prior to launching the vessel and turning it over to Martin, HFS and Martin entered into an agreement providing that Martin would sign a $10,000 promissory note in consideration for extra engineering time, and that liquidated damages provided for in the October 29, 1985, agreement would be waived by Martin upon satisfactory completion of sea trials. The vessel was launched on May 24, 1986. Additional work was performed on the vessel in Seattle, and sea trials were conducted on June 4, 1986. The vessel left for False Pass, Alaska, on June 8 and arrived approximately 10 days later. After the fishing season, Martin returned the vessel to HFS for certain warranty repairs and disputes again arose between the parties. Martin failed

to make the payment on the $10,000 promissory note which was due October 1, 1987.

HFS filed suit in Seattle District Court on December 1, 1987, to recover payment on the $10,000 promissory note. On March 28, 1988, the Seattle District Court ordered that the case be arbitrated pursuant to contract and, as required by RCW 7.04.030, stayed further court action pending completion of the arbitration proceedings. In response to a motion by HFS to compel arbitration pursuant to RCW 7.04.040, the parties stipulated that an arbitrator would be appointed by September 1990. The arbitration hearing was conducted by Arbitrator Michael Barcott on December 11, 1990, and the arbitration award was issued December 21, 1990.

On December 28, 1990, Martin filed a petition seeking confirmation of the arbitration award in King County Superior Court. The King County Superior Court entered judgment on January 9, 1991, confirming the arbitration award with costs in the amount of $112,703. HFS filed a motion to vacate the arbitration award and judgment on February 28, 1991.[1] That motion was denied on March 21, 1991, and a notice of appeal was filed April 2, 1991. HFS appeals the trial court's order denying its motion to vacate the judgment confirming the arbitration award and requests that this matter be remanded to the Superior Court for resubmission of the counterclaim to arbitration.

I

Arbitration in Washington is regulated by statute. *Puget Sound Bridge & Dredging Co. v. Lake Wash. Shipyards*, 1 Wn.2d 401, 405, 96 P.2d 257 (1939); RCW 7.04. RCW 7.04-.180 provides that notice of a motion to vacate an arbitration award must be served upon the adverse party within 3 months after the award is delivered to the party or his or her attorney.[2] The motion to vacate here was filed on February 28, 1991, within the 3-month statutory period.

---

[1] HFS did not file a notice of appeal from the judgment itself within the 30-day period provided for by RAP 5.2(a).

[2] RCW 7.04.180 provides in full:

"Notice of a motion to vacate, modify or correct an award shall be served upon the adverse party, or his attorney, within three months after a copy of the

Respondent argues, however, that the language of RCW 7.04.150, which gives parties the option of applying to a court for an order confirming an arbitration award within 1 year of the award, requires that a motion to vacate be made prior to the entry of a judgment confirming the award.[3] That section provides that "the court shall grant such an order . . . unless the award is vacated, modified, or corrected, as provided in RCW 7.04.160 and 7.04.170." Martin argues that this language presumes that vacation, modification or correction of the award would precede its confirmation.

Martin applied for the order confirming the arbitration award 1 week after it was issued and 2 months before the motion to vacate permitted by RCW 7.04.180 was filed. The judgment confirming the award was entered on January 9, 1991. Although it is clear that a court cannot confirm in its original form an arbitration award that has been modified, vacated or corrected, neither RCW 7.04.150 nor RCW 7.04-.180 directly addresses the question of whether, once a judgment has been entered confirming an award, a motion to vacate can still be made within the statutory 3-month period. The 5 days' notice required by RCW 7.04.150 for a motion to confirm, taken together with RCW 7.04.180's grant of authority to a judge to stay proceedings on a motion to confirm brought under RCW 7.04.150, could be construed as requiring a party to make known any intention to file a motion to vacate, modify, or correct an award within the

---

award is delivered to the party or his attorney. Such motion shall be made in the manner prescribed by law for the service of notice of a motion in an action. For the purposes of the motion any judge who might make an order to stay the proceedings, in an action brought in the same court, may make an order to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award."

[3]RCW 7.04.150 provides in full:
"At any time within one year after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected, as provided in RCW 7.04.160 and 7.04.170. Notice in writing of the motion must be served upon the adverse party, or his attorney, five days before the hearing thereof. The validity of an award, otherwise valid, shall not be affected by the fact that no motion is made to confirm it."

notice period and prior to entry of an order and judgment confirming the award.

▪ On the other hand, the fact that RCW 7.04.150 refers to the vacation, modification or correction of an award in the present rather than the past tense appears to mean that RCW 7.04.150 is not intended to cut off a party's rights under RCW 7.04.180 before the 3-month period it provides for has expired. While RCW 7.04.220 provides that an appeal may be taken from a judgment entered upon an award as from an order or judgment on any civil action, it too does not explicitly limit any further review of such a judgment to a direct appeal from that judgment. In the absence of any provision explicitly providing that a party's rights under RCW 7.04.180 are limited by the entry of an order confirming the judgment under RCW 7.04.150, we must conclude that the motion to vacate the judgment here was permissible under RCW 7.04.180.[4]

## II

▪ Review of an arbitration proceeding by an appellate court is controlled by RCW 7.04, which strictly limits review to the grounds contained in RCW 7.04.160-.170. *Barnett v. Hicks*, 119 Wn.2d 151, 154, 829 P.2d 1087 (1992). Review on the merits other than on statutory grounds is not permitted. *Barnett*, 119 Wn.2d at 153. RCW 7.04.220, which provides that an order affirming an arbitration award be treated as a civil judgment, does not alter this proscription. *Barnett*, 119 Wn.2d at 157.

RCW 7.04.160 permits a motion to vacate an arbitration award to be brought in certain specific circumstances, including:

---

[4]In so doing, however, we note that the concurrence makes an excellent point concerning the inconsistencies among the various provisions of the statute. As written, the statute potentially creates situations where actions taken in reliance on a final judgment confirming an arbitration award must somehow be undone if parties are permitted to file a motion to vacate after the 30-day appeal period has run. Because we have no basis for understanding what the Legislature's intentions were in establishing this particular statutory scheme, we feel constrained to interpret the statute as we have.

**Vacation of award — Rehearing.** In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

. . . .

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.

. . . .

(5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04-.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040(1).

In its motion to vacate the arbitration award, HFS relied on RCW 7.04.160(3) (misconduct) and (5) (lack of valid submission of Martin's counterclaim to arbitration), arguing that, because Martin failed to give notice under RCW 7.04-.060 of his intent to arbitrate his claim as a counterclaim, the arbitrator was guilty of misconduct in failing to postpone the hearing.[5]

RCW 7.04.060 provides that when a controversy arises from a written agreement containing an arbitration provision, a party shall serve upon the other party written notice of his intention to arbitrate. Nothing in the language of RCW 7.04.060, however, requires particularized notice of any individual claims or counterclaims or suggests that the notice is intended to communicate anything more than the party's general intention to proceed to arbitration.[6] Because

---

[5] On appeal, HFS also argues, relying on RCW 7.04.160(4), that the arbitrator exceeded his power in making an award of $112,500 for liquidated damages in an action filed in Seattle District Court on a $10,000 promissory note. That argument was not made in the motion to vacate the judgment that is being appealed here. Rather, this was an issue of law decided in connection with Martin's motion to confirm. HFS justified its failure to appeal the judgment confirming the arbitration award on the basis that it did not challenge Judge Bever's ruling that the arbitrator had authority to exceed the jurisdictional limit of the district court by virtue of the parties' contract. The matter is therefore not properly before this court on appeal of the trial court's denial of the motion to vacate.

[6] A notice of an intent to arbitrate is between the parties to an agreement to arbitrate. RCW 7.04.060. The notice must include a warning that unless the

RCW 7.04.060 does not require inclusion of the specific nature of individual counterclaims in a notice of intent to arbitrate, there is no basis for vacating the award under RCW 7.04.160(5).

Further, although HFS was not formally notified of the specific nature of Martin's counterclaims for lost fishing profits and liquidated damages until 4 days prior to the date of the arbitration hearing, HFS was effectively notified of those claims on approximately November 16, 1990, by copy of Martin's letter of that date to the arbitrator.[7]

HFS also argues that, because the dispute here was limited to the May 1986 agreement in which Martin agreed to sign the promissory note upon which its claim was brought, the arbitration clause in that agreement did not encompass Martin's counterclaims. However, the terms of the May 1986 agreement provided that Martin would waive the liquidated damages to which he was entitled under the October 1985 agreement. As a result, any dispute about whether payment was due under the May 1986 agreement necessarily implicated the October 1985 agreement. HFS therefore can hardly have been surprised, let alone prejudiced, to discover that Martin's defense to his failure to pay the $10,000 note would be that payment was not due because the agreement was not binding and, as a consequence, he was entitled to liquidated damages under the original agreement.

---

served party files a motion to stay arbitration within 20 days of service, that party is barred from contesting the existence or validity of the arbitration agreement or the failure to comply with it. RCW 7.04.060. The focus of a motion to compel is similarly on announcing the party's intention to proceed by arbitration. RCW 7.04.040.

[7]The letter states in pertinent part: "Defendant Martin has substantial counterclaims against the plaintiff which will be required to be decided by the arbitration process, which counterclaims include claims for liquidated damages for delay in completion of the vessel, claims for actual damages for breach of contract surrounding the construction of the vessel and the like. . . . [I]t [is] important that you as arbitrator understand that this arbitration will involve substantially more factual and legal issues than simply a $10,000 note upon which the plaintiff bases its claims, since the note arises out of a much larger set of factual and legal issues surrounding the construction of a new aluminum [gill net] vessel by Hydraulic Fishing Supply, Inc., for my claimant."

■ The question remains whether there is a basis for vacating the judgment under RCW 7.04.160(3). That provision permits the court to modify, vacate or correct an agreement where there has been misconduct on the part of an arbitrator in refusing to postpone a hearing. Although HFS apparently objected at the arbitration hearing on the ground that it lacked adequate notice of Martin's counterclaim, it made no request for a continuance on that basis, either during the proceedings or in its postarbitration brief. In the absence of any request that the hearing be continued, the arbitrator's failure to postpone the hearing cannot amount to misconduct. *Endicott Educ. Ass'n v. Endicott Sch. Dist. 308*, 43 Wn. App. 392, 396, 717 P.2d 763 (1986). Absent misconduct on the part of the arbitrator, there is no basis for vacating the judgment under RCW 7.04.160(3). The trial court properly denied the motion to vacate the judgment confirming the arbitration award.

Affirmed.

WEBSTER, A.C.J., concurs.

FORREST, J. (concurring) — I concur in affirming the judgment but on a different ground. I would hold that once the arbitration award has been confirmed and reduced to judgment pursuant to RCW 7.04.150[8] that the award is no longer subject to vacation pursuant to RCW 7.04.160.[9]

---

[8]"At any time within one year after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected, as provided in RCW 7.04.160 and 7.04.170. Notice in writing of the motion must be served upon the adverse party, or his attorney, five days before the hearing thereof. The validity of an award, otherwise valid, shall not be affected by the fact that no motion is made to confirm it."

[9]"In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

An arbitration award that is confirmed pursuant to RCW 7.04.150 is entered as a judgment of the court[10] and "has the same force and effect, *in all respects* as, and is subject to all the provisions of law relating to" any other civil judgment. RCW 7.04.210. (Italics mine.) The majority rule creates a judgment unlike any other in that it creates the anomaly of permitting, in effect, an appeal from a judgment more than 30 days after it has become final. After confirmation of the award, not only is the judgment creditor entitled to institute garnishment or execution proceedings but third parties, such as title companies and credit bureaus, are entitled to rely on the unappealed judgment.[11] I find that the majority's result is inconsistent with the policy of the finality and integrity of judgments.[12]

---

"(1) Where the award was procured by corruption, fraud or other undue means.

"(2) Where there was evident partiality or corruption in the arbitrators or any of them.

"(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

"(5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040(1).

"An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.

"Where an award is vacated, the court may, in its discretion, direct a rehearing either before the same arbitrators or before new arbitrators to be chosen in the manner provided in the agreement for the selection of the original arbitrators and any provision limiting the time in which the arbitrators may make a decision shall be deemed applicable to the new arbitration and to commence from the date of the court's order."

[10]RCW 7.04.190.

[11]The purpose of confirmation of an award is to give the award the status of a judgment in a civil suit so as to render it enforceable like any other judgment. *See Trollope v. Jeffries,* 55 Cal. App. 3d 816, 128 Cal. Rptr. 115, 120 (1976).

[12]*See* 6 C.J.S. *Arbitration* § 4 (1975). *See also International Bhd. of Elec. Workers Local 969 v. Babcock & Wilcox,* 826 F.2d 962 (10th Cir. 1987).

I see no reason to believe that the Legislature intended this unique exception to the normal rules governing the modification and amendment of judgments. Indeed, it is arguable, although not argued, that the majority's interpretation of RCW 7.04.160 results in an encroachment on the rule-making authority of the Supreme Court. As interpreted it is, if not in conflict with, at least inconsistent with the civil rules as to judgments including: CR 59 new trial, reconsideration and amendment of judgments, CR 60, relief from judgment or order, and RAP 5.2, time allowed to file notice. Such a result is not required by the language of the statute and should be avoided.

I see no unfairness to Martin, or other parties to an arbitration, to require that when notified of the application for confirmation he should make any objections to the arbitration process to the court.[13] At that time he should be aware of any defects in the award process. If he has a reasonable basis to seek more time to develop his objections, RCW 7.04.180 specifically authorizes a stay of proceedings on a motion to confirm. While I concede this provision is not in and of itself decisive, nonetheless, it is hard to understand why it was placed there except to insure the other party an opportunity to make known his objections to the award process.

The policy of RCW 7.04 is to foster and implement the arbitration process as a more flexible, informal and economical way for parties to resolve their disputes.

The 1-year period for the confirmation of an award and the unusually long 90-day period to move for vacation of the award appear to be designed to give the parties ample time to implement any such award or, indeed, perhaps modify some aspects of it by mutual agreement without recourse to the courts. It is desirable to provide every opportunity to complete the resolution of the dispute without court intervention recognizing that this may often be done without the partici-

---

[13]This is a reasonable interpretation since an objection to an order of confirmation is considered a motion to vacate. *See, e.g., Thriftimart, Inc. v. Superior Court*, 202 Cal. App. 2d 421, 21 Cal. Rptr. 19 (1962).

pation of lawyers. However, once a party has sought confirmation of the award, thus invoking the court's authority, the procedure should insure that such confirmation is proper and represents the final adjudication of the rights of the parties with all the normal consequences of a formal judgment. This purpose is achieved by requiring that the party objecting to confirmation based on RCW 7.04.160 to present the objection to the court prior to and not subsequent to confirmation.