4 P.3d 844 (2000)
101 Wash.App. 119
FEDERATED SERVICES INSURANCE COMPANY, Respondent,
v.
The PERSONAL REPRESENTATIVE OF the ESTATE OF David Jason NORBERG, Appellant.
No. 43177-3-I.
Court of Appeals of Washington, Division 1.
June 12, 2000.
Reconsideration Denied July 14, 2000.
*846 Jay A. Demers, Attorney At Law, Seattle, for Appellant.
Jerret E. Sale, Bullivant Houser Bailey, Seattle, Lisa C. Neal, Bainbridge Island, for Respondent.
*845 BECKER, A.C.J.
In a survival action, a panel of arbitrators awarded damages to a young man's estate for the inheritance he would have received from his parents if he had outlived them. We hold the award was erroneous on its face and the trial court properly vacated it.
David Norberg, while driving his employer's truck, died in a head-on collision with another vehicle. David was not at fault. At age 29, David left no spouse or dependents, and no will. David's estate, whose beneficiaries were his mother and father, received the other driver's liability insurance policy limits of $50,000. The estate then made an underinsured motorist (UIM) claim against Federated Services Insurance Company, David's employer's insurance company. The policy limits were $500,000. The parties submitted the UIM claim to arbitration, as allowed by the contract of insurance.
The estate's claim was based on the Survival of Actions statute, RCW 4.20.046. A panel of three arbitrators issued their decision on March 9, 1998. The arbitrators awarded the estate $273,000 for David's lost earnings. With one arbitrator dissenting, the panel awarded to the estate additional damages of $400,000 for David's loss of prospective inheritance from his parents.
The superior court granted Federation's motion to vacate the award of $400,000 for lost inheritance. The estate appeals from that order.

TIMELINESS
The estate first argues that Federated's motion to vacate the arbitration award for lost inheritance should have been dismissed as untimely. On March 20, 1998, the estate filed a motion to confirm judgment on the award and noted it to be heard on April 6. On March 31, Federated filed a response opposing confirmation and a motion to vacate the award of damages. Federated requested that the court either consider its motion to vacate in conjunction with the estate's motion to confirm, or stay the confirmation proceeding until a superior court ruled on Federated's motion to vacate. The court issued an order scheduling both the motion to confirm and the motion to vacate to be heard on April 6.
The estate objected to having Federated's motion to vacate heard on April 6 because the estate did not receive timely notice of the motion. The court set a hearing for April 2 to consider the estate's objections to the scheduling order.
By April 2, the parties had worked out an agreed scheduling order. Federated would pay the award for lost earnings immediately, and could then continue to pursue its motion to vacate the award for lost inheritance. The parties agreed to entry of judgment on the award. The estate agreed to forbear execution on the judgment until the superior court ruled on Federated's motion to vacate. Later, the court granted Federated's motion to vacate the lost inheritance award.
On appeal, the estate contends that a motion to vacate must be heard at the same time as a motion to confirm judgment on an arbitration award. The estate did not raise this issue below. Indeed, the estate stipulated to a scheduling order that explicitly anticipated the court's consideration of the two motions at different times. However, the estate claims that once the trial court confirmed the lost earnings portion of the award, it lost jurisdiction to entertain a motion to vacate the remainder of the award. A party can raise lack of trial court jurisdiction for the first time on appeal, RAP 2.5(a). And if the trial court lacked jurisdiction to hear the motion to vacate, the stipulation would be of no account because parties cannot stipulate to jurisdiction. See Barnett v. Hicks, 119 Wash.2d 151, 829 P.2d 1087 (1992).
"Subject matter jurisdiction is the authority to hear and determine the class of action to which a case belongs, not the authority to grant the relief requested, or the correctness of the decision." Bour v. Johnson, 80 Wash.App. 643, 647, 910 P.2d *847 548 (1996). The Legislature has invested the superior courts with subject matter jurisdiction to confirm, vacate, modify or correct arbitration awards. See RCW 7.04. Even after a judgment has been entered confirming an award, a motion to vacate can still be heard as long as it is made within the statutory three-month period. RCW 7.04.180; Martin v. Hydraulic Fishing Supply Inc., 66 Wash.App. 370, 374, 832 P.2d 118 (1992).
It is ordinarily preferable to have a motion to vacate heard at the same time as a motion to confirm. Clearwater v. Skyline Construction Co. Inc., 67 Wash.App. 305, 315, 835 P.2d 257 (1992), review denied, 121 Wash.2d 1005, 848 P.2d 1263 (1993); see Martin, 66 Wash.App. at 377-78, 832 P.2d 118 (Forrest, J., concurring) (once a court has entered judgment confirming an award, hearing a later motion to vacate the same award under RCW 7.04.160 is inconsistent with the policy of the finality and integrity of judgments). But under the holding of Martin, a court does not lose jurisdiction to hear a motion to vacate an arbitration award merely by entering a judgment that confirms it. The estate's argument that the motion to vacate was untimely is not one that can be raised for the first time on appeal.

ERROR ON THE FACE OF THE AWARD
One of the statutory grounds for vacating an award exists when the arbitrators have `exceeded their powers', as demonstrated by an error of law on the face of the award. RCW 7.04.160(4); Lindon Commodities, Inc. v. Bambino Bean Co. Inc., 57 Wash.App. 813, 816, 790 P.2d 228 (1990). The estate argues there was no error of law upon the face of the award because no Washington statute or judicial decision explicitly prohibits an award of a lost inheritance as a component of damages in a survival action.
Limiting judicial review to the face of the award is a shorthand description for the policy that courts should accord substantial finality to arbitrator decisions. Davidson v. Hensen, 135 Wash.2d 112, 118, 954 P.2d 1327 (1998). In deciding a motion to vacate, a court will not review the merits of the case, and ordinarily will not consider the evidence weighed by the arbitrators. Davidson, 135 Wash.2d at 119, 954 P.2d 1327. Because the statute does not require arbitrators to file or preserve the evidence they receive, a court can review an alleged error only if it appears on the face of the award. Boyd v. Davis, 127 Wash.2d 256, 262, 897 P.2d 1239 (1995), citing Northern State Construction Co. v. Banchero, 63 Wash.2d 245, 386 P.2d 625 (1963). The error should be recognizable from the language of the award, as, for instance, where the arbitrator identifies a portion of the award as punitive damages in a jurisdiction that does not allow punitive damages. See Kennewick Educ. Ass'n v. Kennewick School Dist. 17, 35 Wash. App. 280, 282, 666 P.2d 928 (1983). It follows that arbitrators can (unless otherwise directed) make their award more or less susceptible to judicial review, depending on the level of detail in the statement of the award.
Here, the statement that a specific amount of the award was for lost inheritance is analogous to the statement in Kennewick Educ. Ass'n that a specific amount was for punitive damages. The arbitrators possibly could have submerged the lost inheritance issue by stating the damages as a lump sum award of $673,000, but instead, their award itemized two distinct categories of loss: lost earnings, and lost inheritance. The letter announcing the award first identified a loss to the estate of $273,000 from David Norberg's earnings using the net accumulations method of calculation. The letter then stated,
The arbitration panel further finds on a more probable than not basis that the wrongful death of D.J. Norberg caused his estate to sustain an additional loss of $400,000 in the form of lost inheritance from his parents. This is a 2-1 decision. Mr. Peery dissents from this part of the award and his separate letter opinion is incorporated herein.
The arbitrators wanted to facilitate judicial review of their award for lost inheritance. Their letter states:
This case is unusual not only because of the fact pattern but also the `sparse law'. Accordingly, the panel desires to insure that each of the parties has an *848 opportunity, if they choose to do so, to have the arbitrators' analysis of the law reviewed by the courts. The arbitrators have set out in this opinion a legal basis so that either party can obtain judicial review pursuant to RCW Chapter 7.04, if they choose to do so.
The arbitrators chose not to shield from judicial scrutiny the component of their decision that they recognized as a novel legal issue: In a survival action, are damages recoverable by the decedent's estate for loss of a probable future inheritance by the decedent? As the estate points out, no statute or judicial decision explicitly prohibits such an award. But that does not put the arbitrators' determination of the law beyond judicial review. The dispute is about law, not about evidence. It can be decided by reference to existing law without resort to the evidence that was before the arbitrators and without second-guessing their application of the law to the facts. Under these circumstances, we hold there is an issue of law apparent on the face of the award, making it a proper subject of a motion to vacate.

LOST PROSPECTIVE INHERITANCE
At common law, a person's death extinguishes his or her personal injury claims. Warner v. McCaughan, 77 Wash.2d 178, 181, 460 P.2d 272 (1969). Washington's general Survival of Actions statute was enacted to keep the decedent's claims alive and to allow the personal representative to pursue them:

Survival of actions. (1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: PROVIDED HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.
RCW 4.20.046 (emphasis added).
A survival action, though often brought together with an action for wrongful death, is conceptually distinct. The wrongful death statutes, RCW 4.20.010 and 4.24.010, create new causes of action for the benefit of specific surviving relatives to compensate for losses caused to them by the decedent's death. See Gray v. Goodson, 61 Wash.2d 319, 325, 378 P.2d 413 (1963). The Survival of Actions statute allows the decedent's existing causes of action to survive and continue `as an asset of his estate.' Warner v. McCaughan, 77 Wash.2d at 179, 460 P.2d 272.
The conceptual distinction leads to distinctions in the type of damages allowed. For example, amounts the decedent would have spent on family support are recoverable in a wrongful death action, but not in a survival action. Wagner v. Flightcraft, Inc., 31 Wash.App. 558, 568, 643 P.2d 906 (1982). In a survival action, the only allowable recovery is `the net accumulations which the estate would have acquired if the decedent had survived to the expected life time.' Wagner, 31 Wash.App. at 568, n. 2, 643 P.2d 906.
Typically, net accumulations are the decedent's net earnings over a normal life span, calculated by determining the decedent's probable gross earnings, subtracting personal and family support expenditures, and then reducing the figure to present value. Bingaman v. Grays Harbor Comm'ty Hosp., 37 Wash.App. 825, 685 P.2d 1090 (1984), rev'd in part on other grounds, 103 Wash.2d 831, 699 P.2d 1230 (1985). In this case, the arbitration award also included David's prospective $400,000 inheritance in the net amount he would have probably accumulated and passed on to his heirs had his life not been shortened.
The net accumulations method is an appropriate measure only if it carries out the essential function of the Survival of Actions statute. That essential function is not to create a separate claim for survivors, but to preserve causes of action that a person *849 could have maintained had he not died. Wooldridge v. Woolett, 96 Wash.2d 659, 662-63, 638 P.2d 566 (1981).[1] If David had not died, he would have been able to maintain his own personal injury suit against Federated. In that suit, he would have recovered future earnings lost due to his injuries. Therefore, future earnings are appropriately used to calculate an award in a survival action. But in that same personal injury suit, David could not have recovered for loss of prospective inheritance. As a survivor he would still be eligible to receive the inheritance. Because David could not have recovered for loss of inheritance if he were still alive, his estate cannot recover David's loss of inheritance in a survival action.
Further supporting our conclusion is the fact that we have found no case from any jurisdiction approving, as a component of an award in a wrongful death or survival action, a prospective inheritance or gift not yet received by the decedent. We have found no case where net accumulations include sums that are not attributable to the decedent's own efforts, initiative, and skill. The facts of this case show how incorporating an expectancy of future gratuitous acquisitions into net accumulations can lead to an unjust result. As the dissenting arbitrator pointed out, the award of $400,000 for the loss of David's future inheritance from his parents would go to those same parents, who are the heirs and personal representatives of David's estate. `To award an amount for inheritance lost, which in this case would go to the parents, would compensate for something which has not been lost, would be unjust enrichment to the parents and would be, in effect, an award for wrongful death for which they do not qualify under the statute.'
In summary, Federated has identified an error of law on the face of the arbitration award. In a wrongful death survival action, the decedent's estate may not recover damages for the decedent's loss of a probable future inheritance. By making such an award, the arbitrators exceeded their powers.
The superior court's order vacating the award for lost prospective inheritance is affirmed.
GROSSE and APPELWICK, JJ., concur.
NOTES
[1] A minor anomaly is that an award for funeral expense may be made to the estate in a survival action, Warner v. McCaughan, 77 Wash.2d 178, 181, 460 P.2d 272 (1969), even though the decedent obviously could not have had a claim for funeral expenses while alive.