# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES M. BENTLEY,<br><br>Appellant,<br><br>v.<br><br>SEATTLE WEALTH MANAGEMENT, LLC, a Washington limited liability company; DAN D. UHM and "JANE DOE" UHM; and ERIC A. JOHNSON and "JANE DOE" JOHNSON,<br><br>Respondents. | No. 86220-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — James Bentley appeals the superior court's order confirming an arbitration award, arguing the superior court misinterpreted the law by permitting confirmation of an award and entry of a final judgment before the statutory 90 day period to file a motion to vacate the award had expired. Finding no error, we affirm.

Bentley, along with Eric Johnson and Dan Uhm, formed Seattle Wealth Management LLC in 2013. Following a dispute, Bentley sued Ohm, Johnson, and Seattle Wealth Management (hereafter referred to as the Respondents) for breach of the company's operating agreement, breach of fiduciary duty, and conversion, among other things. The Respondents asserted various counterclaims in response. In accordance with the operating agreement, the parties agreed to submit their dispute to arbitration. On August 26, 2020, the arbitrator issued a decision and interim award regarding the parties' cross motions for partial

summary judgment regarding Bentley's termination date from Seattle Wealth Management. In 2022, the parties filed another set of cross motions for summary judgment. In his March 9, 2022 decision, the arbitrator dismissed Bentley's claims and the Respondents' counterclaims with prejudice. Bentley sought to confirm the arbitrator's August 26, 2020 decision and vacate the March 9, 2022 decision. The superior court confirmed the August 26, 2020 decision, vacated the arbitrator's March 9, 2022 decision, and remanded the matter to the arbitrator for rehearing.

On remand to the arbitrator, the Respondents filed a motion for summary judgment on June 14, 2023. The arbitrator held a hearing on July 17, 2023. In his October 26, 2023 order, the arbitrator dismissed the remainder of Bentley's claims, dismissed the Respondents' counterclaims, and concluded there was no basis to award attorney fees or arbitration costs to any party.

On December 8, 2023, the Respondents' counsel e-mailed the superior court judge's chambers to schedule a motion to confirm the October 26, 2023 award. Bentley's counsel replied, and asked to postpone the hearing date of any motion to confirm saying, "My client is considering filing a motion to vacate. The deadline for doing so according [to] my understanding is January 24, 2024. Any motion to confirm should be postponed until the expiration of that time period." On the same day as their e-mail, the Respondents filed a motion to confirm the October 26, 2023 arbitration award. The motion was noted for hearing on December 22, 2023. On December 18, 2023, Bentley filed an objection and response to the Respondents' motion to confirm the award, and argued the intent of the motion to confirm was "to deny [Bentley] his statutory right to seek to vacate

2

the Arbitrator's decision" from October 26, 2023. In his response, Bentley devoted two pages to listing four arguments he anticipated making in a future motion to vacate. On December 22, 2023, the superior court confirmed the October 26, 2023 decision and awarded the Respondents statutory attorney fees. Bentley did not seek reconsideration of the order and judgment, or file a motion to vacate. He instead appeals.

Bentley argues the superior court misinterpreted RCW 7.04A.220, and contends that the resolution of a motion to vacate is a prerequisite to confirming an arbitration award. We disagree.

In Washington, arbitration is controlled by the uniform arbitration act (UAA) ch. 7.04A RCW. Price v. Farmers Ins. Co. of Wash., 133 Wn.2d 490, 495, 946 P.2d 388 (1997). Relevant here, when a party is notified of an arbitration award, the party may file a motion to confirm the award and a court "shall issue such an order" unless the award is vacated under RCW 7.04A.230. RCW 7.04A.220. A motion to vacate an arbitration award must be filed within 90 days after the movant receives notice of the award. RCW 7.04A.230(2). The 90 day period is considered a statute of limitations.[1] Dougherty v. Nationwide Ins. Co., 58 Wn. App. 843, 848, 795 P.2d 166 (1990). Its purpose "is to expedite finality of the arbitration process . . . consistent with the overall objective of speedy resolution of disputes." Id. at

---

[1] Dougherty discusses former RCW 7.04.180 (1943). Dougherty v. Nationwide Ins. Co., 58 Wn. App. 843, 848, 795 P.2d 166 (1990). Effective July 1, 2006, former RCW 7.04.180 was repealed and replaced with RCW 7.04A.230(2). LAWS OF 2005, ch. 433, § 23, 51. Both statutes state that a motion to vacate an arbitration award must be filed within 90 days after receiving notice of the arbitration award.

849. The meaning of the UAA is a question of statutory interpretation that we review de novo. AURC III, LLC v. Point Ruston Phase II, LLC, 3 Wn.3d 80, 86-87, 546 P.3d 385 (2024). The primary objective of statutory interpretation is to "ascertain and carry out the Legislature's intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent. Id. We discern plain language from the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes. Id. at 9-12.

When a statute contains the word "shall," it "is presumptively imperative and creates a mandatory duty unless a contrary legislative intent is shown." Goldmark v. McKenna, 172 Wn.2d 568, 575, 259 P.3d 1095 (2011). Here, the Respondents moved for a confirmation order, none of the listed exceptions (modification, correction, vacation) applied, and nothing in chapter 7.04A RCW indicated that the legislature intended anything but a mandatory duty. AURC III, 3 Wn.3d at 91. The superior court was required to issue a confirmation order unless the award was modified, clarified, or vacated. Id. Bentley acknowledges he did not move to vacate the award, but argues the superior court erred in confirming the award before the three month statutory period for a motion to vacate had expired.

In Martin v. Hydraulic Fishing Supply, we considered whether a motion to vacate an arbitration award may be filed after a court issues an order confirming the award, and held that it may, because the time for the motion to vacate runs from the date of delivery of the award, which may extend beyond the confirmation

4

order. 66 Wn. App. 370, 373-374, 832 P.2d 118 (1992). We interpreted the language of former RCW 7.04.150 to mean that it did not cut off a party's right to vacate an award before the 90 day period expired. Id. at 374. The language of RCW 7.04A.230 is substantially similar and Martin remains controlling.

In a footnote in Martin, we observed that the legislative time periods created inconsistencies among the various provisions of the statute. Id. at 374 n.4. We said, "As written, the statute potentially creates situations where actions taken in reliance on a final judgment confirming an arbitration award must somehow be undone if parties are permitted to file a motion to vacate after the 30-day appeal period has run." Id. But nothing in Martin indicates that we considered former RCW 7.04.180 to be ambiguous as to the triggering event for the 90 day limitation; indeed, the opinion is to the contrary. In subsequent cases, we have expressed a preference for having motions to vacate heard at the same time as motions to confirm an award. Clearwater v. Skyline Constr. Co. Inc., 67 Wn. App. 305, 315, 835 P.2d 257 (1992); Federated Servs. Ins. Co. v. Pers. Representative of Est. of Norberg, 101 Wn. App. 119, 123, 4 P.3d 844 (2000). But we have also reaffirmed Martin's holding that "[e]ven after a judgment has been entered confirming an award, a motion to vacate can still be heard as long as it is made within the statutory three-month period." Federated Servs. Ins. Co., 101 Wn. App. at 123.

Bentley argues that these cases are inapplicable because they were decided under former chapter 7.04 RCW. We are not persuaded that the UAA's language is materially different from the former statutory scheme so as to undermine previous case law. Both schemes state that after a party has received

notice of an award, the party may file a motion with the court for an order confirming the award, and the court shall grant such an order unless the award is vacated, modified, or corrected. Compare RCW 7.04A.220, with former RCW 7.04.150 (1943). Both state that a motion to vacate an arbitration award must be filed within 90 days after receiving notice of the arbitration award. Compare RCW 7.04A.230(2), with former RCW 7.04.180 (1943). Furthermore, both reduce a confirmed award to a final judgment.[2] Compare RCW 7.04A.250, with former RCW 7.04.190, .210 (1943).

Bentley cites two out-of-state cases for the proposition that the superior court should have stayed confirmation of the award until his motion to vacate was filed, citing Casey v. Wells Fargo Bank, N.A., 128 Nev. 713, 290 P.3d 265 (2012) and McLaurin v. Terminix International Co., 13 F.4th 1232 (11th Cir. 2021). While these cases are procedurally different from Washington precedent, they are not substantively inconsistent. In Casey, the Nevada Supreme Court held it was error for the district court to summarily adjudicate the motion to confirm one day after the motion was filed, without giving Casey the opportunity to file an opposition to the motion or to file a motion to vacate while she was within her 90 day period to so move. 128 Nev. at 717. The court remanded with instructions to allow Casey

---

[2] Bentley argues for the first time on appeal that the superior court lacked jurisdiction to decide a motion to vacate after granting an order confirming the arbitration award. A party can raise lack of superior court jurisdiction for the first time on appeal. RAP 2.5(a)(1). However, Federated Services Insurance Co. states that "a court does not lose jurisdiction to hear a motion to vacate an arbitration award merely by entering a judgment that confirms it." 101 Wn. App. at 123.

"an opportunity to be heard in opposition to the motion to confirm and on her motion to vacate, modify, or correct." Id. at 718.

In McLaurin, the Eleventh Circuit, consistent with Washington law, held that the Federal Arbitration Act, 9 U.S.C. §§ 1-16, did not prevent a district court from ruling on a motion to confirm before the 90 day statutory period for a motion to vacate. 13 F.4th at 1241. However, the court concluded that where a party does not substantively argue against a motion to confirm when given the opportunity to do so, that party has waived such arguments and cannot revive them in a later-filed motion. Id. at 1242. In both instances, the courts were concerned with protecting the 90 day period to move for vacatur, and ensured that the party was given the opportunity to be heard. Washington case law allows a motion to vacate an arbitration award to be heard after the award is confirmed so long as a party is within their 90 day statutory period.

Here, Bentley had 90 days from the noted date of the arbitration award to move to vacate, regardless of whether the superior court confirmed the award, and the order confirming the award simply never had the effect he challenges under longstanding Washington case law. Bentley did not file a motion to vacate the award. His 90 day period to so move has expired. Thus, his claim fails.

The Respondents have requested an award of attorney fees and expenses. RCW 7.04A.250(3) permits in the court's discretion an award of attorney fees and expenses to a prevailing party in a contested judicial proceeding to confirm, vacate, modify, or correct an arbitration award. Although the Respondents are the

7

prevailing party in this action to confirm the arbitration award, we exercise our discretion to decline to award attorney fees.

Affirmed.

Birk, J.

WE CONCUR:

Feldman, J.

Hazelrigg, ACJ