996 S.W.2d 269 (1999)
In the Interest of C.M., S.M, D.M. and J.M.
No. 01-98-00493-CV.
Court of Appeals of Texas, Houston (1st Dist.).
May 27, 1999.
Michael D. Stewart, Houston, for Appellant.
Williams S. Cox, Bruce S. Powers, Houston, for Appellee.
Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.
Published in Part Pursuant to Tex. R. App. P. 90.

OPINION
O'CONNOR, Justice.
Felicia McKinney, the appellant, appeals from a jury verdict terminating her parental rights. We affirm.

Factual Background
McKinney has four minor children, C.M., S.M., D.M., and J.M. Each child has a different father. The children were first taken into custody by Child Protective Services (CPS) in 1993, and they are currently in foster care.
The Texas Department of Protective and Regulatory Services (DPRS), the appellee, brought the underlying lawsuit to terminate the parent-child relationship between McKinney and the four children. Trial was to a jury, which found that McKinney's rights should be terminated. Based on the jury's verdict, the trial court ordered that the parent-child relationship between McKinney and her children be terminated and the DPRS be appointed sole managing conservator of the children. McKinney filed a motion for new trial, which was denied, and this appeal followed.

Americans with Disabilities Act
In point of error one, McKinney poses the following questions: (1) does the Americans with Disabilities Act (the ADA) apply to a proceeding for termination of parental rights, and, if so, (2) what is the effect of that application? McKinney contends the DPRS violated the ADA because the DPRS did not accommodate her mental deficiencies and provide her with services designed for her special needs. We construe her complaint as an argument that her parental rights would not have been terminated if the DPRS had provided *270 her with services designed to meet her special needs.
The DPRS asserts that McKinney's contention is an affirmative defense, which she waived by raising for the first time in her motion for new trial. We agree. Texas Rule of Civil Procedure 94 enumerates specific affirmative defenses that are waived if not pleaded, such as accord and satisfaction, arbitration and award, fraud, illegality, statute of frauds, statute of limitations, "and any other matter constituting an avoidance or affirmative defense." Tex.R. Civ. P. 94. An affirmative defense seeks to establish an independent reason that the plaintiff should not recover. Gorman v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex. 1991) (holding that, when ERISA's preemptive effect results in change of applicable law, rather than choice of forum, preemption is an affirmative defense that must be set forth in defendant's answer or it is waived). An affirmative defense is one of avoidance, rather than a defense in denial. Id.
McKinney does not deny the facts pleaded by the DPRS. Instead, she asserts the DPRS discriminated against her in violation of the ADA. In other words, she contends that, if the ADA applies and it was violated, then the DPRS's petition to terminate the parent-child relationship would be defeated in whole or in part. Such an assertion is an affirmative defense that must be pleaded to avoid waiver. See Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex.1988). A defendant relying on an affirmative defense must plead, prove, and secure findings to sustain the defense. Id. McKinney did not plead or prove a violation of the ADA and, thus, it was waived.
We overrule point of error one.
The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47.4, and is, thus, ordered not published.
We affirm the trial court's judgment.