Opinion issued July 28, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01209-CV




W. DOW HAMM III AND DOW HAMM III CORPORATION, Appellants

V.

MILLENNIUM INCOME FUND, L.L.C., Appellee
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2003-13955
 

 
 
O P I N I O N
 
               Appellants, W. Dow Hamm III and Dow Hamm III Corporation (together,
“the Hamm parties”), appeal the trial court’s final judgment in favor of appellee,
Millennium Income Fund, L.L.C. (“Millennium”), entered upon confirmation of an
arbitration award. The Hamm parties simultaneously challenge the confirmation of
the arbitration award and the denial of their post-judgment motion to vacate or to
modify the arbitration award. We determine whether the Hamm parties’ motion to
vacate the arbitration award was untimely, so that the trial court erred neither in
overruling the motion nor in confirming the arbitration award. We affirm.
Background



               In the late 1990s, Millennium and the Hamm parties formed seven limited
partnerships for the purpose of developing seven hotels. Dow Hamm III Corporation
was the general partner, and W. Dow Hamm III and Millennium were limited
partners. The partnership agreements contained identical arbitration provisions. 
               The parties’ relationship eventually deteriorated, Millennium alleged (and
the Hamm parties denied) because the Hamm parties had made unauthorized
payments to Dow Hamm III Corporation. In March 2003, Millennium sued the
Hamm parties, seeking a temporary restraining order and temporary and permanent
injunctive relief to prevent the Hamm parties from “making further unauthorized
payments to themselves and others” while the parties pursued the arbitration required
by their partnership agreements.
               Arbitration proceeded, with the arbitration hearing taking place from July
14, 2003 until July 17, 2003. The arbitrator rendered his award, and the award was
transmitted to the parties, on August 25, 2003. Among other things, the arbitrator
ordered an accounting of the partnerships, expelled Dow Hamm III Corporation as
the general partner, permanently enjoined the Hamm parties from taking certain
actions, ordered the Hamm parties to pay actual damages of $700,000 and exemplary
damages of $150,000, ordered the limited partners to agree on a new general partner
within 90 days or face dissolution of the partnerships, and ordered that each party
bear its own attorney’s fees and arbitration expenses.
               On August 29, 2003, Millennium moved to confirm the arbitration award. 
The confirmation hearing was set for September 5, 2003. On September 2, 2003, the
Hamm parties moved for a continuance of the confirmation hearing,


 stating, in
pertinent part, as follows:
[The Hamm parties] respectfully request a continuance on
Millennium’s application for confirmation of the arbitration
award because they intend to prepare and present motions to
vacate and/or modify the arbitration award pursuant to Texas
Civil Practice and Remedies Code, Sections 171.088 and
171.091. These statutes allow applicants to contest arbitration
awards within ninety (90) days of the date the applicant receives
a copy of the award.
 
Although Respondents do not anticipate needing ninety (90)
days to properly contest the arbitration award, they do request a
reasonable amount of time to do so. Arbitration in this matter was
lengthy, lasting four (4) days. Numerous witnesses testified. 
Four (4) volumes of transcribed testimony were generated and
over one thousand (1,000) pages of exhibits were introduced. 
Respondents contend there are substantial factual and legal errors
in the award and would respectfully request thirty (30) days to
properly prepare their motions to contest the arbitration award
prior to it[s] being confirmed by this Court under Section
171.087.
 
               The trial court denied the Hamm parties’ motion for continuance without
specifying grounds on September 5, 2003, the date on which the court also heard
Millennium’s confirmation motion. We have no reporter’s record from the September
5 confirmation hearing, and nothing in our record indicates what the parties and court
might have discussed concerning the continuance motion at that hearing. The clerk’s
record contains no written objection to confirmation of the award, or any motion to
vacate or to modify the award, filed by the Hamm parties at that time; of course, as
their continuance motion indicated, neither did the Hamm parties file any of the
arbitration record at that time. At the September 5 hearing, the trial court entered a
final judgment confirming the arbitration award and rendered judgment against the
Hamm parties. 
               On October 3, 2003, the Hamm parties filed a “motion to vacate or modify
judgment and arbitration award.” They also filed the record and exhibits from the
arbitration proceeding on the same date. Millennium responded to the Hamm parties’
motion to vacate or to modify the judgment and award, asserting, in part, that that
motion was untimely for having been filed after final judgment confirming the award. 
In their post-judgment motion attacking the judgment and arbitration award, the
Hamm parties did not complain about the trial court’s denial of their motion for
continuance of the confirmation hearing, but instead challenged the merits of the
arbitration award on contractual and statutory grounds. See 9 U.S.C.S. §§ 10-11
(West 1997 & Supp. 2005) (allowing for vacating, modifying, or correcting
arbitration award under certain circumstances); Tex. Civ. Prac. & Rem. Code Ann.
§§ 171.088, 171.091 (Vernon 2005) (same).


 The Hamm parties’ motion did not refer
to the arbitration record and exhibits, and neither the Hamm parties nor the trial court
specifically referred to the arbitration record and exhibits at the brief hearing on the
Hamm parties’ post-judgment motion. At the end of the hearing, the trial court
denied the motion to vacate or to modify the judgment and award without stating its
reasons. 
Post-Judgment Motion to Vacate or to Modify
               In three issues, the Hamm parties attack the merits of the arbitration award
on various statutory and contractual grounds.
A.           Statutes Governing Confirmation of Arbitration Awards
               Concerning confirmation of arbitration awards, the FAA and the TAA
provide in pertinent part as follows:
     § 9.Award of arbitrators; confirmation; jurisdiction;
procedure
 
[A]t any time within one year after the award is made any
party to the arbitration may apply to the court . . . for an order
confirming the award, and thereupon the court must grant
such an order unless the award is vacated, modified, or
corrected as prescribed in sections 10 and 11 of this title. . . .
 
9 U.S.C.S. § 9 (West 1997) (emphasis added).
 
                    § 171.087.   Confirmation of Award
 
Unless grounds are offered for vacating, modifying, or
correcting an award under Section 171.088 or 171.091, the
court, on application of a party, shall confirm the award.
 
Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon 2005) (emphasis
added).
 
B.           Statutes Governing Vacating, Modifying, or Correcting Arbitration
Awards
 
               Concerning vacating, modifying, or correcting arbitration awards, the FAA
and the TAA provide in pertinent part as follows:
§ 10.Same; vacation; grounds; rehearing
 
(a)In any of the following cases the United States court in
and for the district wherein the award was made may make an
order vacating the award upon the application of any party to
the arbitration—
(1)where the award was procured by corruption,
fraud, or undue means;
(2)where there was evident partiality or corruption
in the arbitrators, or either of them;
(3)where the arbitrators were guilty of misconduct
in refusing to postpone the hearing, upon sufficient cause
shown, or in refusing to hear evidence pertinent and material
to the controversy; or of any other misbehavior by which the
rights of any party have been prejudiced; or
(4)where the arbitrators exceeded their powers, or so
imperfectly exercised them that a mutual, final, and definite
award upon the subject matter submitted was not made.
 
9 U.S.C.S. § 10 (West 1997) (emphasis added).
 
 
§ 11.Same; modification or correction; grounds; order
 
In either of the following cases the United States court in and
for the district wherein the award was made may make an
order modifying or correcting the award upon the application
of any party to the arbitration—
 
(a)Where there was an evident material
miscalculation of figures or an evident material mistake in the
description of any person, thing, or property referred to in the
award.
(b)Where the arbitrators have awarded upon a matter
not submitted to them, unless it is a matter not affecting the
merits of the decision upon the matter submitted.
(c)Where the award is imperfect in matter of form
not affecting the merits of the controversy.
 
The order may modify and correct the award, so as to effect
the intent thereof and promote justice between the parties.
 
Id. § 11 (West 1997) (emphasis added).
 
§ 12.Notice of motions to vacate or modify; service; stay of
proceedings
 
Notice of a motion to vacate, modify, or correct an award must
be served upon the adverse party or his attorney within three
months after the award is filed or delivered. . . .
 
Id. § 12 (West 1997) (emphasis added).
 
§ 13.Papers filed with order on motions; judgment;
docketing; force and effect; enforcement
 
. . .
 
 
The judgment so entered shall have the same force and effect,
in all respects, as, and be subject to all the provisions of law
relating to, a judgment in an action; and it may be enforced as
if it had been rendered in an action in the court in which it is
entered.
 
Id. § 13 (West 1997) (emphasis added).
 
                    § 171.088.   Vacating Award
 
(a)On application of a party, the court shall vacate an
award if:
(1)the award was obtained by corruption, fraud, or
other undue means;
(2)the rights of a party were prejudiced by:
(A)evident partiality by an arbitrator appointed
as a neutral arbitrator;
(B)corruption in an arbitrator; or
(C)misconduct or wilful misbehavior of an
arbitrator;
(3)the arbitrators:
(A)exceeded their powers;
(B)refused to postpone the hearing after a
showing of sufficient cause for the postponement;
(C)refused to hear evidence material to the
controversy; or 
(D)conducted the hearing, contrary to Section
171.043, 171.044, 171.045, 171.046, or 171.047, in a manner
that substantially prejudiced the rights of a party; or
(4)there was no agreement to arbitrate, the issue was
not adversely determined in a proceeding under Subchapter B,
and the party did not participate in the arbitration hearing
without raising the objection.
(b)A party must make an application under this section not
later than the 90th day after the date of delivery of a copy of
the award to the applicant. . . .
(c)If the application to vacate is denied and a motion to
modify or correct the award is not pending, the court shall
confirm the award.
 
Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (Vernon 2005)
(emphasis added).
 
§ 171.091.Modifying or Correcting Award
 
(a)On application, the court shall modify or correct an
award if:
(1)the award contains:
(A)an evident miscalculation of numbers; or
(B)an evident mistake in the description of a
person, thing, or property referred to in the award;
(2)the arbitrators have made an award with respect
to a matter not submitted to them and the award may be
corrected without affecting the merits of the decision made
with respect to the issues that were submitted; or
(3)the form of the award is imperfect in a manner not
affecting the merits of the controversy.
(b)A party must make an application under this section not
later than the 90th day after the date of delivery of a copy of
the award to the applicant.
(c)If the application is granted, the court shall modify or
correct the award to effect its intent and shall confirm the
award as modified or corrected. If the application is not
granted, the court shall confirm the award.
 
Id. § 171.091 (Vernon 2005) (emphasis added).
 
§ 171.092.Judgment on Award
 
(a)On granting an order that confirms, modifies, or corrects
an award, the court shall enter a judgment or decree
conforming to the order. The judgment or decree may be
enforced in the same manner as any other judgment or decree.
 
Id. § 171.092(a) (Vernon 2005) (emphasis added).
 
C.           Discussion
               1.  The Statutory Language
               We begin by examining the statutory language. See Helena Chem. Co. v.
Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). Both the FAA and TAA require the trial
court to confirm an arbitration award unless “grounds are offered for vacating,
modifying, or correcting an award” (TAA) or the award “is vacated, modified, or
corrected” (FAA). See 9 U.S.C.S. § 9; Tex. Civ. Prac. & Rem. Code Ann. §
171.087 (Vernon 2005). Under these provisions, confirmation is the default result
unless a challenge to the award has been or is being considered. See id. These
provisions thus imply a due order of consideration: they contemplate that any motions
to vacate, to modify, or to correct the award must be pending before the court for its
consideration, or must already have been ruled on, at the time that the court considers
the motion to confirm. See Robinson & Wells, P.C. v. Warren, 669 P.2d 844, 847-48
(Utah 1983).



               Additionally, the TAA provides that (1) if the court denies a motion to
vacate, to modify, or to correct an arbitration award, it must confirm the award and
(2) if the court grants a motion to modify or to correct an award, it must confirm the
award as modified or corrected. See Tex. Civ. Prac. & Rem. Code Ann. §§
171.088(c), 171.091(c). Taken together with the section requiring confirmation
unless statutory grounds not to do so are shown, sections 171.088(c) and 171.091(c)
also indicate that motions to modify, to vacate, and to correct an arbitration award
should be heard either before or simultaneously with motions to confirm the award. 
               Finally, both the FAA and the TAA provide that a judgment confirming (or
modifying or correcting) an arbitration award is a final judgment like any other. See
9 U.S.C.S. § 13 (“The judgment so entered shall have the same force and effect . . .
as, and be subject to all the provisions of law relating to, a judgment in an action; and
it may be enforced as if it had been rendered in an action in the court in which it is
entered.”); Tex. Civ. Prac. & Rem. Code Ann. § 171.092(a) (providing that, when
court “grant[s] an order” confirming, modifying, or correcting arbitration award, court
“shall enter a judgment or decree conforming to the order,” and judgment or decree
“may be enforced in the same manner as any other judgment or decree.”). 
Consequently, requiring a trial court to consider a motion, filed for the first time after
judgment, that seeks to vacate, to modify, or to correct that judgment—in effect the
Hamm parties’ position because they argue that a trial court would abuse its
discretion by not considering such a motion filed at that time—could, in certain
circumstances, interfere with the same judgment’s enforcement and with the
presumption of finality that third parties, such as title companies and creditors, are
entitled to place upon it. See Martin v. Hydraulic Fishing Supply, Inc., 66 Wash.
App. 370, 378, 832 P.2d 118, 123 (Wash. App. 1992) (Forrest, J., concurring, joined
by Webster, A.C.J.) (noting same problems if motion to vacate is considered after
judgment confirming arbitration award). Put simply, we doubt that the respective
legislative branches intended to require a trial court to consider such a motion when
it is filed for the first time during a period that they also expressly designated for the
judgment’s enforcement. Additionally, requiring a court to consider a motion to
vacate filed after judgment, but before the statutory 90-day or three-month period
expires, could also create “unique exception[s] to the normal rules governing the
modification and amendment of judgments” by, in effect, extending a trial court’s
plenary power to consider post-judgment motions beyond 30 days, in conflict with
the procedural rules applicable to all other judgments. Id., 66 Wash. App. at 379, 832
P.2d at 123 (Forrest, J., concurring); see Tex. R. Civ. P. 329b(a), (g). This would be
an odd result indeed for a judgment that, by express statutory declaration, is to be
treated like any other final judgment. See 9 U.S.C.S. § 13; Tex. Civ. Prac. & Rem.
Code Ann. § 171.092(a). 
               2.  The Case Law
               The scant case law on the issue conflicts. However, we conclude that the
better reasoned authority supports our reading of the statutes. Moreover, the only
Texas authority on this issue necessitates today’s holding.
               Although both the FAA and TAA allow a party who wishes to challenge an
arbitration award a certain period to move to vacate, to modify, or to correct an
arbitration award,


 courts have held that that period of time represents a maximum,
not an absolute period upon which the challenging party may always rely. See The
Hartbridge, 57 F.2d 672, 673 (2nd Cir. 1932) (holding, under FAA, that party
seeking to confirm arbitration award may do so even before expiration of three-month
period in which party challenging award is allowed to move to vacate, to modify, or
to confirm award, thus, if party moves for confirmation before three-month period
ends, other party must raise any challenges then, too); City of Baytown v. C.L. Winter,
Inc., 886 S.W.2d 515, 520-21 (Tex. App.—Houston [1st Dist.] 1994, writ denied)
(adopting holding and analysis in The Hartbridge in case in which TAA applied); see
also Clearwater v. Skyline Constr. Co., 67 Wash. App. 305, 315, 835 P.2d 257, 263
(Wash. App. 1992, rev. denied) (regarding statutory three-month period in which to
move to vacate arbitration award, stating, “This could be read to mean that 3 months
is the maximum period in which a motion to vacate may be filed, not that the 3-month
period is available in every situation. Generally, when a motion to confirm an
arbitration award is filed within the 3-month period, the motion to vacate should also
be brought at that time so that the two motions can be heard together.”) (citations
omitted; emphasis in original). That is, one party’s motion to confirm the award “puts
the other party to his objections” to the award then and there, even if time remains on
the statutory period in which the challenger would otherwise be entitled to move to
vacate, to modify, or to correct the award. The Hartbridge, 57 F.2d at 673; see
Florasynth, Inc. v. Pickholz, 750 F.2d 171, 174 (2nd Cir. 1984) (describing the
holding in The Hartbridge as follows: “On appeal, we . . . held that one party’s
motion to confirm an arbitration award imposes on the other party an obligation to
move to vacate if he intends to do so.”); C.L. Winter, 886 S.W.2d at 521 (quoting the
above-referenced holding of The Hartbridge with approval); see Warren, 669 P.2d
at 846-48 (concluding that relevant statutory provisions contemplated that motions
to vacate, to modify, or to correct arbitration award be before court when it rules on
motion to confirm). 
               Going a step further, at least one federal court has held that, if a party moves
to confirm the arbitration award, then the party opposing the award may not “idly
stand by, allow the award to be confirmed and judgment thereon entered, and then
move to vacate the award just as though no judgment existed.” The Hartbridge, 57
F.2d at 673.


 Some of the limited state authority on the matter concurs that a motion
to vacate, to modify, or to correct an arbitration award must be filed before a
judgment confirming the award is entered. See Warren, 669 P.2d at 847-48; see also
Clearwater, 67 Wash. App. at 315, 835 P.2d at 263. But see Federated Servs. Ins.
Co. v. Estate of Norberg, 101 Wash. App. 119, 123, 4 P.3d 844, 847 (Wash. App.
2000); Martin, 66 Wash. App. at 373-74, 832 P.2d at 120. Once the arbitration award
has been confirmed without challenge and final judgment has been rendered thereon,
“the award can be vacated only if the judgment can be [vacated], and to vacate the
judgment an adequate excuse must be shown for not having presented objections to
the award when the motion to confirm was heard.” The Hartbridge, 57 F.2d at 673;
Clearwater, 67 Wash. App. at 315, 835 P.2d at 263 (“Although we recognize that
there may be situations where [filing a motion to vacate] is not possible [at the time
that a motion to confirm is filed], we have no way of knowing whether such a
situation was present here.”).
               Under Texas law, we believe that the result reached in The Hartbridge is
necessitated by C.L. Winter, in which this Court held that one must assert a motion
to vacate, to modify, or to correct an arbitration award when a motion to confirm is
filed, regardless of whether the TAA’s 90-day period to challenge the award has
expired. See id., 886 S.W.2d at 521. Otherwise, our holding in C.L. Winter has no
teeth: the requirement that one bring challenges to the arbitration award when a
motion to confirm is filed means nothing if one may ignore that requirement with
impunity and file a motion to vacate post-judgment, with no reasonable explanation
for the delay.
 
               By post-submission letter briefing, the Hamm parties rely on two opinions
from the first division of the Washington court of appeals, in which that court held
contrary to our holding today. See Martin, 66 Wash. App. at 373-74, 832 P.2d at 120;
see also Estate of Norberg, 101 Wash. App. at 123, 4 P.3d at 847.


 We respectfully
decline to follow these opinions. In Martin, for example, the court held, based on
what it interpreted to be conflicting statutory provisions that did not expressly speak
to this issue, that one could move to vacate, to modify, or to amend an arbitration
award for the first time after judgment confirming the award, provided that one did
so within the statutory period. Id., 66 Wash. App. at 373-74, 832 P.2d at 120. 
However, the Martin court’s basis for this holding was that, “[i]n the absence of any
provision explicitly providing that a party’s rights . . . are limited by the entry of an
order confirming the judgment . . . , we must conclude that the motion to vacate the
judgment here was permissible . . . ,” frankly acknowledging that “we have no basis
for understanding what the Legislature’s intentions were in establishing this particular
statutory scheme [concerning the time for filing a motion to vacate]” and concluding
that it was thus “constrained to interpret the statute as we have.” Id., 66 Wash. App.
at 374, 374 n.4, 832 P.2d at 120, 120 n.4. Martin was also not a unanimous decision:
two justices concurred, expressly disagreeing with the cited holding, and the majority
even acknowledged that “the concurrence makes an excellent point concerning the
inconsistencies among the various provisions of the statute.” Id., 66 Wash. App. at
374 n.4, 832 P.2d at 120 n.4; see id., 66 Wash. App. at 377-80, 832 P.2d at 122-23
(Forrest, J., concurring, joined by Webster, A.C.J.). The Estate of Norberg court
merely relied on Martin. See 101 Wash. App. at 123, 4 P.3d at 847.
               We respectfully disagree with Martin and Estate of Norberg. First, for the
reasons detailed above, we conclude that the FAA, and especially the TAA, imply a
due order of consideration. Second, and also as discussed above, we agree instead
with the concerns that Justice Forrest raised in his concurring opinion in Martin:
An arbitration award that is confirmed pursuant to [Wash.
Stat. Ann. art. 7.04.150] is entered as a judgment of the court 
and “has the same force and effect, in all respects as, and is
subject to all the provisions of law relating to” any other civil
judgment. The majority rule creates a judgment unlike any other
in that it creates the anomaly of permitting, in effect, an appeal
from a judgment more than 30 days after it has become final. 
After confirmation of the award, not only is the judgment creditor
entitled to institute garnishment or execution proceedings but
third parties, such as title companies and credit bureaus, are
entitled to rely on the unappealed judgment. I find that the
majority’s result is inconsistent with the policy of the finality and
integrity of judgments.
 
I see no reason to believe that the Legislature intended this
unique exception to the normal rules governing the modification
and amendment of judgments. Indeed, it is arguable, although not
argued, that the majority’s interpretation of [Wash. Stat. Ann.
art. 7.04.160] results in an encroachment on the rule making
authority of the Supreme Court. As interpreted it is, if not in
conflict with, at least inconsistent with the civil rules as to
judgments including: . . . new trial, reconsideration and
amendment of judgments, . . . relief from judgment or order, and
. . . time allowed to file notice. Such a result is not required by
the language of the statute and should be avoided.
 
Id., 66 Wash. App. at 378-79, 832 P.2d at 123 (Forrest, J., concurring) (citations and
footnotes omitted). We further agree with the reasoning given by the Utah Supreme
Court in reaching the conclusion that we do today:
This construction is further confirmed by the provision directing
entry of a conforming judgment or decree upon granting of an
order “confirming, modifying, correcting or vacating an award,”
. . . , since that direction apparently contemplates that the court
would consider such motions together rather than in succession. 
Otherwise, the procedures, hearings, and action of the court in
the motion to confirm could be held for naught and the whole
process repeated. We do not readily infer a legislative intent to
squander scarce judicial time in this manner. . . . This
construction facilitates the limited scope of review and the
considerations of finality sought to be served by our policies on
judicial review of arbitration awards.
 
Warren, 669 P.2d at 848 (emphasis added). This reasoning applies in Texas because
here, as elsewhere, (1) the bases for reviewing an arbitration award are limited;


 (2)
the statute provides for expedited consideration of motions to confirm, to vacate, to
modify, and to correct an arbitration award;


 and (3) parties generally agree to
arbitrate for the benefit of a speedy, final resolution of their dispute.


 The Texas
policy of expediting arbitration matters is not promoted by allowing a party to seek
a “do-over,” at a later date, of an award that has already been confirmed, that has been
made final and enforceable by statute, and that could have been challenged on the
same grounds before confirmation.
               3.  An Analogy
               Because a statute makes a judgment confirming an arbitration award final
and enforceable like any other judgment, our conclusion is further supported by
analogous authority concerning affirmative defenses. An affirmative defense “seeks
to establish an independent reason that the plaintiff should not recover” and is “thus
[a defense] of avoidance, rather than a defense in denial”; that is, it is a defense of
confession and avoidance. In re C.M., 996 S.W.2d 269, 270 (Tex. App.—Houston
[1st Dist.] 1999, no pet.); Great Am. Prods. v. Permabond Int’l, 94 S.W.3d 675, 683
(Tex. App.—Austin 2002, pet. denied). The statutory grounds for vacating,
modifying, or correcting an arbitration award under either statute are in the nature of
affirmative defenses because the party asserting these grounds implicitly confesses
the existence of an arbitration award, but nonetheless seeks to avoid its effect by
asserting an independent reason that the award should not be enforced. Like Rule of
Civil Procedure 94,


 which expressly requires pre-judgment pleading of affirmative
defenses and “matter[s] constituting an avoidance” in other contexts, the FAA and
TAA also contemplate (as discussed above) a due order of pleading with respect to
motions to confirm, to vacate, to modify, or to correct, requiring a party challenging
an award to raise its challenge before final judgment. This requirement makes sense
given that the statutory grounds for vacatur, modification, and correction are
matters—like those governed, by analogy, by rule 94—of confession and avoidance.
               An affirmative defense that is not pleaded or proved and on which findings
are not obtained is waived and cannot be preserved by raising the affirmative defense
for the first time in a motion for new trial. In re C.M., 996 S.W.2d at 270; Tien Tao
Ass’n, Inc. v. Kingsbridge Park Cmty. Ass’n, 953 S.W.2d 525, 532 (Tex.
App.—Houston [1st Dist.] 1997, no pet.); see Glover v. State, 346 S.W.2d 121, 122
(Tex. Crim. App. 1961) (“A litigant is not permitted during a trial on the merits to
remain silent as to affirmative defenses known to him, and then when an adverse
result is reached, on motion for new trial complain because of his own neglect.”);
Tex. R. Civ. P. 94. Likewise, a trial court cannot abuse its discretion in overruling
a motion for new trial raising an untimely affirmative defense. Cf. id. By analogy,
then, a party that moves to vacate, to modify, or to correct an arbitration award, and
adduces evidence in support, only after the award has been confirmed and final
judgment rendered has waived that challenge—or, at least, a trial court does not abuse
its discretion if it overrules such a post-judgment motion. Cf. In re C.M., 996 S.W.2d
at 270. 
               This analogy to the law of affirmative defenses is particularly appropriate
given that both the FAA and the TAA contemplate that a judgment confirming (or
modifying or correcting) an arbitration award is final and enforceable like any other. 
See 9 U.S.C.S. § 13; Tex. Civ. Prac. & Rem. Code Ann. § 171.092(a). If a judgment
confirming an arbitration award is final like any other, then, as it is required to do
with any other judgment, a party must raise (and prove, if evidence is necessary) its
confession-and-avoidance defenses before judgment.
               4.  Application of the Above Law to the Facts
               Here, the record does not show that the Hamm parties challenged the
arbitration award on the merits until after the award was confirmed and final
judgment rendered. In its written response to the Hamm parties’ motion to vacate or
to modify, Millennium argued, citing The Hartbridge and C.L. Winter, that the Hamm
parties had filed their motion too late and that the motion should be overruled for that
reason. We agree with this proposition. A motion to vacate, to modify, or to correct
an arbitration award must be raised or considered before or simultaneously with a
motion to confirm the award. See The Hartbridge, 57 F.2d at 673; Warren, 669 P.2d
at 847-48; cf. C.L. Winter, 886 S.W.2d at 521. The Hamm parties did not do this. 
               By post-submission letter briefing, the Hamm parties argue that their post-judgment motion to vacate was, in effect, rendered timely by the filing of their pre-judgment, unverified motion for continuance, which “inform[ed] the trial court of
[their] intent to file a motion to vacate.” Likewise, by post-submission amended
brief,


 the Hamm parties have assigned error to the trial court’s denial of their
continuance motion. 
               Case law indicates that, once an arbitration award has been confirmed
without challenge and final judgment has been rendered, “the award can be vacated
only if the judgment can be [vacated], and to vacate the judgment an adequate excuse
must be shown for not having presented objections to the award when the motion to
confirm was heard.” The Hartbridge, 57 F.2d at 673; see Clearwater, 67 Wash. App.
at 315, 835 P.2d at 263. We review a ruling on a motion for continuance for abuse
of discretion.


 See BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800
(Tex. 2002); Thomas James Assocs., Inc. v. Owens, 1 S.W.3d 315, 322 (Tex.
App.—Dallas 1999, no pet.) (so holding with respect to continuance motion made in
conjunction with motions to confirm and to vacate arbitration award). A trial court
abuses its discretion when its decision is so arbitrary and unreasonable that it amounts
to a clear and prejudicial error of law. Marchand, 83 S.W.2d at 800.
 
               Here, the Hamm parties’ continuance motion was not verified or
accompanied by affidavit, contrary to rule. See Tex. R. Civ. P. 251 (“. . . nor shall
any continuance be granted except for sufficient cause supported by affidavit, or by
consent of the parties, or by operation of law.”).


 For this reason alone, the trial
court did not abuse its discretion in overruling the continuance motion. See Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986) (“Generally, when movants fail to
comply with Tex. R. Civ. P. 251’s requirement that the motion for continuance be
‘supported by affidavit,’ we presume that the trial court did not abuse its discretion
in denying the motion.”); cf. N. State Constr. Co. v. Banchero, 63 Wash.2d 245, 248,
386 P.2d 625, 627 (1963) (holding that trial court did not abuse discretion in denying
motion to continue hearing to confirm and to vacate arbitration award, when
continuance was sought for preparation of statement of facts from arbitration
proceeding, when continuance motion did not comply with statute requiring such
motion to be supported by affidavit showing materiality of sought-after evidence and
due diligence).
               Additionally, their continuance motion neither explained on which statutory
grounds for vacating or modifying they might rely,


 nor explained how the
arbitration materials for which they needed the continuance were relevant and
material to those grounds—even though the counsel who filed the continuance
motion also represented the Hamm parties at arbitration. Cf. Banchero, 63 Wash.2d
at 248, 386 P.2d at 627 (“Appellants were in a good position to comply with all of
these requirements [of supporting their continuance motion with affidavit showing
materiality of sought–after evidence, among other matters] as they were, or should
have been, familiar with the evidence presented to the board of arbitrators.”). This
is important because (1) the trial court already had the arbitration agreement,
Millennium’s arbitration demand filed with the American Arbitration Association,
and the arbitration award before it, by virtue of previously filed pleadings and
motions, and (2) some statutory grounds for vacating or modifying arbitration awards
based on “legal errors” (as the Hamm parties alleged in part) do not necessarily
require the filing of more than these documents. See Tex. Civ. Prac. & Rem. Code
Ann. § 171.088(3)(A) (providing for vacating award if arbitrators exceeded their
authority); id., § 171.091(a)(1)-(3) (providing for modifying or correcting award if
it contains evident miscalculation of numbers or evident mistake in description of
person, thing, or property to which award refers; arbitrators made award with respect
to matter not submitted to them and award may be corrected without affecting
decision’s merits; or award’s form is imperfect in manner not affecting merits); see
Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, no pet.)
(“[A]pplications to confirm or vacate an arbitration award should be decided as other
motions in civil cases; on notice and an evidentiary hearing if necessary.”) (emphasis
added).
               Moreover, we have no idea what, if anything, was discussed concerning the
continuance motion at the September 5 hearing because we have no record of that
hearing. Neither did the Hamm parties ask the court to revisit its continuance ruling
at the time that they filed their post-judgment motion to vacate the judgment and
award or explain then why the record for which they sought a continuance was
essential to the bases for their motion to vacate.



               Given this record, we cannot say that the trial court abused its discretion in
denying the Hamm parties’ continuance motion.
               5.  The Record
               Finally, even if we were to reach the merits of the Hamm parties’ post-trial
motion, it is not at all clear that we could consider the arbitration record and exhibits
filed in support. First, the arbitration record and exhibits were not introduced into
evidence at the post-judgment hearing; the Hamm parties did not expressly or
specifically refer to them in their post-judgment motion to vacate or to modify;
nothing shows that the trial court considered the arbitration record and exhibits at the
hearing on the Hamm parties’ post-judgment motion; and the arbitration materials,
like the post-judgment motion in support of which they were produced, were not filed
before final judgment. Given these circumstances, nothing shows that the trial court
considered the arbitration record and exhibits when it ruled on the Hamm parties’
post-judgment motion. See State v. One (1) 1986 Nissan Auto. V.I.N.
JN1HZ14S1GX162301, 792 S.W.2d 577, 579 (Tex. App.—El Paso 1990, no writ)
(holding that letter that was included in clerk’s record, but that was not admitted into
evidence and that did not appear to have been considered by trial court, could not be
considered on appeal), overruled on other grounds sub. nom State v. $435,000, 842
S.W.2d 642 (Tex. 1992).


 Indeed, the trial court would not have abused its
discretion in overruling the Hamm parties’ post-judgment motion even without first
considering the arbitration record and exhibits because the Hamm parties had
untimely filed both that motion and their supporting documentation.


 Simply put,
nothing requires a court to consider materials relevant to vacating an arbitration
award when those materials are filed along with an untimely motion to vacate and
insufficient explanation is offered for the delay. Second, the arbitration materials
were not before the trial court at the time that it confirmed the award and rendered
final judgment—in effect, the only ruling that we may review on the merits because
the motion to vacate or to modify was untimely—and we may generally not evaluate
a trial court’s rulings based on materials that were not before it at the time that it
ruled. See, e.g., Methodist Hosps. of Dallas v. Tall, 972 S.W.2d 894, 898 (Tex.
App.—Corpus Christi 1998, no pet.) (“It is axiomatic that an appellate court reviews
actions of a trial court based on the materials before the trial court at the time it
acted.”).

Conclusion
               The trial court had no discretion but to confirm the arbitration award if the
Hamm parties did not file a motion to vacate or to modify (or otherwise challenge in
any way) the award before the ruling on Millennium’s motion to confirm. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.087. The Hamm parties did not do so. The
trial court was entitled summarily to deny the Hamm parties’ untimely post-judgment
motion to vacate or to modify and did not have to consider the untimely materials
filed in support of that motion. For these reasons and the reasons stated above, we
overrule each of the Hamm parties’ issues and affirm the judgment of the trial court.
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.