**Opinion filed October 5, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00101-CV
_____

## IN THE INTEREST OF D.M.S., A CHILD

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 50,337**

## MEMORANDUM OPINION

The trial court entered an order in which it terminated the parental rights of the mother and the father of D.M.S. The father appeals. He presents two issues on appeal; both relate to the Department of Family and Protective Services' failure to accommodate his alleged disabilities. We affirm.

### I. *Background Facts and Termination Findings*

D.M.S. and his mother tested positive for methamphetamine at the time of D.M.S.'s birth. The Department removed D.M.S. from his parents' care, and D.M.S. left the hospital with his foster parents. D.M.S. lived with those same foster parents throughout the pendency of this case. The foster parents would like to adopt D.M.S.

The record shows that Appellant has never seen his child even though he was given opportunities to do so.

One year after removal, the case proceeded to a final hearing, and the trial court determined that termination was appropriate under the applicable statute. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). The trial court found that Appellant committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (E), (N), and (O). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; that Appellant had constructively abandoned the child; and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. Appellant does not challenge these findings.

## II. *Analysis*

Appellant, instead, contends that termination was inappropriate because the Department failed to accommodate his disabilities, which include post-traumatic stress disorder. In his first issue, Appellant contends that the Department failed to comply with the Americans with Disabilities Act (ADA). *See* 42 U.S.C. §§ 12101–12213. In his second issue, Appellant contends that the Department failed to comply with its internal regulations that were designed to implement the ADA.

We disagree with Appellant's contentions. First, it is not apparent to this court that noncompliance with the ADA or the Department's internal regulations is a defense in a suit to terminate parental rights. *See In re S.G.S.*, 130 S.W.3d 223, 229–30 (Tex. App.—Beaumont 2004, no pet.) (declining to create such a defense and

2

observing decisions from other states in which courts had rejected the proposition that an ADA violation is a defense in termination proceedings). Second, to the extent that such noncompliance may be a defense, it would be an affirmative defense for which the parent has the burden to plead, prove, and secure findings. *In re M.N.M.*, No. 05-14-00723-CV, 2014 WL 6737003, at \*12 (Tex. App.—Dallas Dec. 1, 2014, pet. denied) (mem. op.); *In re C.L.*, No. 07-14-00180-CV, 2014 WL 5037982, at \*3 (Tex. App.—Amarillo Oct. 7, 2014, no pet.) (mem. op.); *In re B.L.M.*, 114 S.W.3d 641, 649 (Tex. App.—Fort Worth 2003, no pet.); *In re C.M.*, 996 S.W.2d 269, 270 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Appellant pleaded no such affirmative defense, and the trial court made no findings with respect to the Department's ADA compliance. Nor is it apparent from the record what, if any, modifications would have been appropriate in this case. We overrule Appellant's first and second issues.

III. *This Court's Ruling*

We affirm the trial court's order of termination.

MIKE WILLSON

JUSTICE

October 5, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.